Gussie Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Howard L. Rubenfield*, with him *Joseph P. Burt*, for petitioner.

*Edward P. Carey*, Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 5, 1979:

This is an appeal from a Department of Public Welfare (DPW) decision to decrease the amount of monthly assistance benefits payable to Gussie Williams (petitioner).

The petitioner is the head of a family unit of six and she has been receiving a monthly grant of $446.40 pursuant to the program for Aid to Families with Dependent Children (AFDC). She is also a day care mother for the Erie County Children Services (ECCS), and she cares for additional children in her home, receiving $322.50 a month from the ECCS in order to meet the expenses incurred by her in providing for these children. In making a redetermination of eligibility for AFDC benefits, the Erie County Board of Assistance (ECBA) asked the petitioner to verify her claim that the money which she received from the ECCS was used in full for expenses connected with her duties as a day care mother, but she was

able to establish only that $194.87 of the monthly grant of $322.50 was actually used to meet such expenses. The ECBA, therefore, considered the remaining $127.63 as earned income, and proposed to reduce her AFDC monthly grant by $65.00.[1] She requested a hearing regarding this decision, and, when she was unable to verify any expenses in excess of the $194.87 she had previously claimed, the hearing examiner concluded that the ECBA had "presented clear and convincing evidence" of the correctness of its decision and therefore affirmed the decrease in AFDC benefits. This appeal followed.

Our scope of review is, of course, limited to a determination as to whether or not the DPW adjudication was supported by substantial evidence and was in accordance with the law and as to whether or not the petitioner's constitutional rights were violated. 2 Pa. C.S. §704.

The petitioner argues that there is no substantial evidence to support the hearing examiner's conclusion that she realized a profit of $127.63 a month from her work as a day care mother. It was her responsibility, however, to verify her expenses[2] and inasmuch as she was unable to support her claim in any amount greater than $194.87, we believe that the hearing examiner was justified in finding that the remaining amount

---

[1] Under the applicable AFDC regulations, Mrs. Williams was entitled to a deduction of $30.00 from the amount considered as income as well as an incentive deduction of 1/3 of the remainder. The calculation would be as follows:

$127.00
− 30.00
———
1/3 of .... 97.00 = 32.00
− 32.00
———
$ 65.00 Net income

[2] PAEM (Public Assistance Eligibility Manual) §201.1.

was not used to cover expenses of her day care program.

The petitioner further argues that the DPW exercised its rule-making power in a capricious, arbitrary and unreasonable manner by requiring a day care mother to prepare an accounting of all monies received by her from the ECCS. Our review of agency regulations is, of course, limited to a determination of whether or not they are reasonable. *Girard School District v. Pittenger,* Pa. , 392 A.2d 261 (1978). The first challenged regulation[3] requires that the recipient of assistance benefits verify her income and expenses. We fail to see how this requirement places an unreasonable burden on the recipient because the required information is better known to her than to anyone else. The fact that she has chosen to participate in a program for which she received additional payments that must be accounted for, does not change the reasonableness of the regulations requiring an accounting here. The other regulation in question,[4] requires the local county boards of assistance to characterize any difference between an amount received by a day care mother for a program and any amount actually spent by her for the children in the program as income. We do not believe that the DPW acted improperly in determining that any excess amount constituted income. If the appellant receives $322.50 a month to run the program and spends only $194.87 in doing so, it is difficult to conceive of a characterization other than "income" to describe the remaining funds. Moreover, the fact that the day care program is not a profit-making one and that the petitioner does not have a profit "motive" in participating in the program is irrelevant. The fact remains that she re-

---

[3] PAEM §201.1.

[4] DPW—OIM—PA Manual §183.44(c)(2).

ceives an amount of $127.87 a month which she is unable to justify as expense or show that it is anything other than profit or income. The DPW is therefore clearly justified in characterizing this money as income.

The order of the DPW is, therefore, affirmed.

ORDER

AND Now, this 5th day of April, 1979, the order of the Department of Public Welfare decreasing the monthly Aid to Families with Dependent Children grant to Gussie Williams is hereby affirmed.