Robert Royer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Niles Schore,* for appellant.

*Edward P. Carey,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 27, 1979:

Robert Royer (claimant) has appealed an order of the Department of Public Welfare (Department) transferring claimant's family from Aid to Families with Dependent Children (AFDC) to General Assistance (GA). We affirm.

Claimant had been receiving benefits under AFDC from the Columbia County Board of Assistance (Board) since January 11, 1974 based on his inability to provide for his family because of a shotgun injury to his right shoulder and psychological problems. In April of 1977, after approximately one year of unemployment, claimant obtained a full-time position with the Bloomsburg Sewage Plant. Claimant notified the Board of his change in circumstances, and the Board arranged for a medical examination to determine claimant's continuing eligibility for AFDC. The medical report indicated that, outside of limited

motion in claimant's right shoulder, claimant suffered from no significant physical or mental impairments. On the basis of this report, the Board determined that claimant was no longer mentally or physically incapacitated and was therefore ineligible for AFDC. Because of his continuing financial needs, however, the Board transferred claimant from AFDC to GA. Claimant appealed the Board's action and was accorded a fair hearing by the Department. The hearing examiner affirmed the Board and this appeal followed.

To be eligible for AFDC, it is not enough to simply show a need for assistance; one must also show the dependency of a child. *Henry v. Betit,* 323 F. Supp. 418 (D. Alaska 1971); *Macias v. Finch,* 324 F. Supp. 1252 (N.D. Cal.), *aff'd mem. sub nom., Macias v. Richardson,* 400 U.S. 913 (1970); *Sweet v. Department of Public Aid,* 66 Ill. 2d 195, 361 N.E. 2d 1118 (1977). A child is considered dependent for AFDC purposes when he "has been deprived of parental support or care by reason of the death, continued absence from the home, *or physical or mental incapacity of a parent. . . .*" 42 U.S.C. §606(a)(1) (emphasis added). "Physical or mental incapacity" has been defined, in 45 C.F.R. §233.90(c)(1)(iv),

> to exist when one parent has a physical or mental defect, illness, or impairment. The incapacity shall be supported by competent medical testimony and must be of such a debilitating nature as to reduce substantially or eliminate the parent's ability to support or care for the otherwise eligible child and be expected to last for a period of at least 30 days.

*See also* 55 Pa. Code §153.44(c)(2)(i).

Claimant contends that the hearing examiner erred in finding that claimant was no longer *substantially* incapacitated to support his children. He argues that the fact he is working full time, by itself, does not

indicate he can adequately provide for his family, particularly in view of the medical evidence presented by the claimant which indicated that he was still incapacitated.[1] In light, however, of claimant's full-time employment, *plus* the results of the Board-sponsored medical examination and the claimant's own testimony that he is able to cope with the strenuous aspects of his job, the hearing examiner was justified in finding that claimant was not *substantially* incapacitated under the terms of AFDC.

Claimant also contends that, even if he is not incapacitated, he should still, when computing his level of assistance, have his earned income disregarded under the AFDC formula instead of the GA formula.[2] It is apparent, however, that only those who qualify for AFDC are eligible for the various benefits under the program. As it has already been determined that claimant is no longer eligible for AFDC, since he is no longer substantially incapacitated, claimant is not eligible to have his assistance calculated utilizing the AFDC formula for disregarding earned income.

## Order

And Now, this 27th day of April, 1979, the order of the Department of Public Welfare, dated September 17, 1977, transferring Robert Royer from Aid to Families with Dependent Children to General Assistance, is affirmed, and the appeal of Robert Royer is dismissed.

---

[1] This evidence consisted of a report on the results of a psychological examination of claimant.

[2] AFDC disregards the first $30 of the total earned income for a month plus one-third of the remainder. *See* 42 U.S.C. §602(a)(8); 45 C.F.R. §233.20(a)(11). GA disregards the first $20 plus 50 percent of the next $60 of the gross monthly wages of a recipient of GA. *See* Section 432.12(a) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.12(a); 55 Pa. Code §183.64(e)(2).