Carol A. Slay, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1979, before Judges MEN-CER, DISALLE and MACPHAIL, sitting as a panel of three.

*Dianne Upson,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE DISALLE, October 23, 1979:

Carol A. Slay (Claimant) appeals from a decision of the Department of Public Welfare (DPW) requiring her to verify the income of her live-in boyfriend, Mr. X,[1] as a condition of eligibility for food stamps.

Claimant has received public assistance under Aid to Families with Dependant Children and food stamps since 1969. Prior to March, 1978, this assistance was increased to include an unborn child. In March, 1978, the County Assistance Office (CAO) interviewed Claimant to redetermine her eligibility. The CAO learned from Claimant that Mr. X was living with her and giving her approximately $41.00 every two

---

[1] Claimant refused to divulge his name or identity.

weeks for food, as well as some money for other expenses. The CAO asked Claimant for verification of Mr. X's income as a member of her household in order to compute her eligibility for food stamps. When this was refused, the CAO sent Claimant a written notice that food coupons would be discontinued the following month because she failed to provide information about all the income in her household.

Claimant argues that the written notice was inadequate because it presupposes that in fact Mr. X is a member of her household for the purpose of establishing eligibility for food stamps. Claimant contends that because the DPW failed to prove that Mr. X is not a boarder,[2] it could not properly conclude that he is a member of her household, and that therefore his income is not subject to verification.

Responsibility for the verification of resources, or the lack thereof, rests squarely with Claimant, not with DPW.[3] Claimant has not met this burden. Moreover, Claimant's own admissions that Mr. X was living with her as her boyfriend, was the father of her unborn child, and regularly provided monies to cover food and other expenses clearly indicate a familial relationship that transcends the status of a mere boarder. DPW's conclusion that Mr. X is a member of Claimant's household is adequately supported by these facts.

It follows that Claimant's contention that the advance notice of discontinuance in the Food Stamp Program was inadequate is without merit. It specifically informed Claimant that her failure to provide information about all the income currently in her household would result in her loss of food coupons.

Accordingly, we affirm.

---

[2] 55 Pa. Code §171.22.

[3] 55 Pa. Code §205.3.

ORDER

AND Now, this 23rd day of October, 1979, the order of the Department of Public Welfare dated June 2, 1978, is hereby affirmed.