Montgomery County Child Welfare Services, Petitioner *v.* Sarah Hull, Respondent.

Argued February 4, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*Leonard J. D. Myers*, with him *Parker H. Wilson*, *Wilson, Oehrle, Drayer & Furber*, for appellant.

*Arthur Lefkoe, Wisler, Pearlstine, Talone, Craig & Garrity*, for appellee.

*L. Francis Murphy, Murphy and Slota*, for Guardian Ad Litem.

OPINION BY JUDGE WILLIAMS. JR., April 23, 1980:

Montgomery County Child Welfare Services has filed a petition for review, which essentially seeks to have this Court determine the record-keeping duties of the Pennsylvania Department of Public Welfare in child abuse cases, under the Child Protective Services Law of 1975. Act of November 26, 1975, P.L. 438, No. 124, 11 P.S. §2201 et seq. Specifically, the petitioner seeks review of a decision of the Department of Public Welfare to expunge the report and records of a 1977 case of alleged child abuse involving a Mrs. Sarah Hull and her 11 year old son. Sarah Hull, who is the only named respondent in this appeal, has filed a motion to quash the petition for review.

The legal springboard of this matter is Section 14 (a) of the Child Protective Services Law, which im-

poses upon the Department of Public Welfare certain record-keeping duties in child abuse cases. 11 P.S. §2214(a). Under that Section the Department must keep a file of certain reports of alleged child abuse, including those cases in which a child protective service, such as the petitioner, has determined that there is substantial evidence of abuse. The information to be kept on file includes the names of the involved parent and child, their home address, the nature of the suspected abuse, and the progress of any legal proceedings.

However, under Section 15(d) of the Law, a parent who is the subject of a report may request the Department of Public Welfare to expunge the information contained in its files. 11 P.S. §2215(d). Pursuant to that Section, Mrs. Sarah Hull requested the Department of Public Welfare to expunge from its files and records the report arising from the 1977 incident with her son.

On April 12, 1978 the Department held a hearing on her request, which hearing was attended also by the instant petitioner and a guardian ad litem appointed to represent the interest of Mrs. Hull's son. On October 13, 1978 the Department of Public Welfare formally ordered the records expunged, based on the hearing examiner's conclusion that there was insufficient evidence that the Hull child had suffered any serious physical injury from his mother, Sarah Hull. The instant petitioner, Montgomery County Child Welfare Services, would have this Court reverse the Department of Public Welfare's expungement order, and compel the Department to preserve and maintain in its files and records the report issued in the Hull suspected child abuse matter.

This Court has a limited scope of review in appeals from adjudications of the Department of Public Welfare. We are restricted to determining whether the

adjudication is supported by substantial evidence, whether the adjudication is contrary to law, and whether the petitioner's constitutional rights have been violated. Administrative Agency Law, 2 Pa. C.S. §704. However, even aside from our narrow scope of review, we cannot grant the appellate relief sought in this case, for an independent reason.

When this appeal was initially filed with this Court,[1] the named respondent was the "Commonwealth of Pennsylvania, Department of Public Welfare". Then, on that respondent's *unanswered* motion, the Department of Public Welfare was deleted as a party respondent and Sarah Hull substituted as the sole respondent. In sum, the case now before this Court is one in which the petitioner, Montgomery County Child Welfare Services, is proceeding solely against Sarah Hull to obtain a judicial order directing the Pennsylvania Department of Public Welfare, an absent party, to perform or not to perform some act concerning the records under its custody and control. It is our conclusion that the Department of Public Welfare is an indispensable party whose absence precludes us from granting the relief sought by the petitioner.

An indispensable party is one whose rights are so connected with the claim litigated that no relief can be granted without infringing upon those rights. *Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955). An indispensable party is one who has such an interest in the subject matter of the controversy that a final decree cannot be made without affecting it. If a person who must take certain action to afford the relief sought is not brought within the court's jurisdiction, there can be no effective judgment. *Warner*

___

[1] An appearance was also entered for the guardian ad litem as petitioner-appellant.

*Valley Stock Co. v. Smith,* 165 U.S. 28 (1897); *see County of Allegheny v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 379, 376 A.2d 290 (1977).

By force of the statute before us and as a practicality, the Department of Public Welfare has custody and control of the records involved in this litigation. Only the Department can perform the action sought by the petitioner. Certainly the respondent Mrs. Sarah Hull cannot. The Department of Public Welfare is indispensable to any action regarding those files and records. No court can grant relief in the absence of an indispensable party; and such an absence is a defect going to the very jurisdiction of the court. *Tigue v. Basalyga,* 451 Pa. 436, 304 A.2d 119 (1973). Accordingly, we must dismiss the instant appeal for want of an indispensable party.

President Judge BOWMAN did not participate in the decision in this case.

### ORDER

AND Now, the 23rd day of April, 1980, it is hereby ORDERED that the petition for review in the above matter be dismissed for want of an indispensable party.