Elizabeth West, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 14, 1981, before Judges BLATT, MacPHAIL and PALLADINO, sitting as a panel of three.

*David L. Hill,* for appellant.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Elizabeth West appeals an order of the Department of Public Welfare (DPW) which affirmed the Philadelphia County Assistance Office's (CAO) recomputation of food stamp benefits. We affirm.

Based on additional employment income reported by West, the CAO recalculated her eligibility for benefits under both the Aid to Families with Dependent Children (AFDC) and Food Stamp programs. West's benefits (as a mother with two dependent children) under AFDC were reduced from $318.00 to $272.30 per month and her food stamp assistance was terminated.

West contends that the $172.50 allowed as a deduction by CAO for transportation and child care expenses in computing her AFDC payment, 55 Pa. Code §183.44(f) (1) (i) and (iv), should be considered, in practical effect a reimbursement for purposes of food stamp eligibility computation. If the $172.50 in deductions is considered to be a reimbursement, it would be excludible income for the purposes of calculating food stamp eligibility, 55 Pa. Code §523.3(c) (7) (i), (iii), and West would be eligible for food stamps.[1]

West's contention is without merit. The food stamp provisions are clear: for purposes of calculating eligibility, AFDC payments are to be considered includible, unearned income, 55 Pa. Code §523.3(b) (2) (i).

---

[1] The DPW calculated West's food stamp eligibility as follows:

| | |
|---|---|
| $499.90 | Gross monthly earned income |
| —99.98 | 20% of earned income |
| $399.92 | |
| +272.30 | Public Assistance Grant |
| $672.22 | |
| —75.00 | Standard household deduction |
| $597.22 | |
| —90.00 | Maximum allowance for child care and shelter deductions |
| $507.22 | |

If we accepted West's argument, we would, in effect, be granting her a double payment for her transportation and child care expenses. These provisions were never intended to have such an effect.

Affirmed.

ORDER

AND Now, December 23, 1981, the order of the Department of Public Welfare, Number 748511-C, dated April 2, 1980, is affirmed.

---

The maximum allowable income for a household of three persons, · to be eligible for foodstamps, is $500.

West urges the following calculation:

$499.90
—99.98
———
$399.92
+99.80   West would exclude here the $172.50 in deduc-
———     tions allowed in calculating her AFDC pay-
$499.72  ment, thus arriving at this lower Public As-
—75.00   sistance Grant figure.
———
$424.72