Margaret E. Kratzer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Margaret E. Kratzer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs August 1, 1984, before Judges ROGERS, WILLIAMS, JR., and KALISH, sitting as a panel of three.

*Margaret E. Kratzer,* petitioner, for herself.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 26, 1984:

Margaret E. Kratzer (petitioner) petitions for review of two orders of the Department of Public Welfare (DPW) which discontinue Aid to Families with

Dependent Children (AFDC) and food stamp benefits for her two minor children.[1]

The record before us presents the following factual scenario. Petitioner and her two minor children were receiving AFDC and food stamp benefits. Petitioner subsequently married her present husband and was removed from the AFDC and food stamp grant. Petitioner's current husband has not adopted the children and petitioner's children continued to receive AFDC assistance of $262 per month and food stamps of $120 per month. On March 16, 1983 the Westmoreland County Assistance Office (CAO) informed petitioner that she would have to provide the CAO with verification of her husband's income to redetermine her children's eligibility for benefits. Three days later petitioner informed the CAO that her husband refused to provide the required income verification. The CAO issued advance notice to petitioner that it proposed to discontinue AFDC benefits effective April 25, 1983 and food stamps effective May 1983. Petitioner appealed the determination and a fair hearing was conducted on July 25, 1983. On August 30, 1983, DPW issued a final order denying petitioner's appeal and terminating AFDC and food stamp benefits. A second fair hearing on petitioner's children's food stamps was held on November 23, 1983.[2] On December 12, 1983, DPW denied petitioner's appeal and ordered food stamp benefits terminated. Petitions for Review from both orders were timely filed with this Court.

---

[1] Petitioner had filed separate appeals from each of the DPW orders. As both appeals presented identical issues on the same factual circumstances, we consolidated both actions on our own motion.

[2] This second hearing was necessitated due to a defect in the food stamp portion of the April 1983 advance notice. Food stamp benefits were continued during the prosecution of petitioner's administrative appeal.

The sole issue presented by petitioner is whether DPW erred when it terminated her two minor daughters' AFDC and food stamp benefits as a result of her failure to verify her husband's income to DPW. Petitioner asserts that requiring her to verify her husband's income to qualify her minor daughters for AFDC and food stamp benefits where her husband has no legal obligation to provide for their support[3] violates her daughters' rights to due process under the Fourteenth Amendment.

We note initially that our scope of review of a DPW adjudication is limited to determining whether the adjudication was supported by substantial evidence, was in accordance with law, and whether or not constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Montgomery County Child Welfare Services v. Hull*, 51 Pa. Commonwealth Ct. 1, 413 A.2d 757 (1980). We are also mindful that our review of DPW regulations is limited to a determination of whether or not they are reasonable. *Williams v. Pennsylvania Department of Public Welfare*, 41 Pa. Commonwealth Ct. 507, 399 A. 2d 1150 (1979).

In 1982 the General Assembly amended Section 432.12(c) of the Public Welfare Code,[4] to require DPW to consider incomes of step-parents living in the same household available to the household for purposes of determining eligibility for and the amount of benefits.

---

[3] It is well-settled in Pennsylvania law that a non-adoptive step-parent is under no legal duty to support stepchildren. *See Appeal of Brown*, 112 Pa. 18, 5 A. 13 (1886) ; *Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa. Superior Ct. 562, 429 A.2d 665 (1981).

[4] Section 432.12(c) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432.12(c), reads in pertinent part as follows:

§432.12  *Determination of need*

\* \* \*

The amendment conformed Pennsylvania law to a 1981 change made by Congress in Section 402(a)(31) of the Social Security Act, 42 U.S.C. §602(a)(31), which provided that state agencies administering AFDC programs take into consideration the income of a dependent child's step-parent living in the same household.

Despite petitioner's assertion to the contrary, there is no constitutional right to receive public assistance. *Walker v. O'Bannon*, 487 F. Supp. 1151 (W.D. Pa. 1980), *aff'd* 624 F.2d 1092 (3d Cir. 1980); *Smith v. Reynolds*, 277 F. Supp. 65 (E.D. Pa. 1967), *aff'd Shapiro v. Thompson*, 394 U.S. 618 (1969). To be eligible for AFDC benefits, an applicant must show both a need for assistance and dependency of a child. *Royer v. Pennsylvania Department of Public Welfare*, 42 Pa. Commonwealth Ct. 304, 400 A.2d 913 (1979). In determining eligibility for food stamps, all the resources of the household are considered.[5] *See e.g. West v. Pennsylvania Department of Public Welfare*,

---

(c) In establishing financial eligibility and the amount of the assistance payment in both the aid to families with dependent children program and the general assistance program, the department may consider the income of certain individuals as if it were actually available to other household members notwithstanding the fact that the income may not be actually available to other household members. *Income of stepparents living in a household shall be considered available to the household by the department.* The department may choose to consider income on either a prospective or retrospective basis in determining eligibility and the amount of the assistance payment. The applicant or recipient shall as a necessary condition of eligibility:

(1) Provide all information necessary to income determination. . . . (Emphasis added.)

[5] Food stamps are also subject to federal regulations which preclude separate household status from being granted to children under eighteen years of age under parental control of a member of the household. *See* 7 C.F.R. §273.1(a)(2).

63 Pa. Commonwealth Ct. 350, 438 A.2d 1012 (1981); *Bennett v. Pennsylvania Department of Public Welfare,* 49 Pa. Commonwealth Ct. 198, 410 A.2d 953 (1980). One of the factors which is considered by DPW in determining eligibility for AFDC and food stamp benefits is income available to the household. 55 Pa. Code §§183.23(a), 505.4(a)(2) & 505.4(c)(2)(i). A step-parent's income is deemed available to stepchildren where they reside in the same household. *See* Section 402(a)(31) of the Social Security Act, 42 U.S.C. §602(a)(31); 62 P.S. §432.12(c).

These provisions which deem income of a stepparent available to a child do not violate either due process or equal protection rights under the Fourteenth Amendment. The federal courts have recognized that both the Congress and state legislatures have a legitimate interest in allocating scarce social welfare resources to those considered most needy and to encourage those best able to become independent and self-supporting and to discourage fraud. *E.g., Price v. Cohen,* 715 F.2d 87 (3d Cir. 1983), *cert. denied* U.S. , 79 L. Ed. 2d 700 (1984); *Brown v. Heckler,* (Civil No. 83-4168, E.D. Pa., Filed April 26, 1984). It is rational to assume that children living with a working step-parent are less needy than those without such a step-parent in the household. We hold the regulations reasonable and bear a rational relation to a legitimate governmental objective. We must, therefore, reject petitioner's constitutional challenge.

The record before us clearly shows that petitioner did not provide the CAO or DPW *any* information regarding her husband's income. According to petitioner, the only effort she made to secure this information was to ask her husband for copies of his pay stubs. When he refused to cooperate, petitioner told the CAO that she could not obtain the information. There is no

indication that petitioner attempted to obtain any other documents such as copies of joint tax returns, W-2 forms, or other sources. Petitioner did not provide the CAO with any information regarding her husband's earnings. This Court has previously held that where an applicant for public welfare benefits fails to verify income or resources, DPW may properly disallow benefits. *See Slay v. Pennsylvania Department of Public Welfare*, 46 Pa. Commonwealth Ct. 572, 406 A.2d 1214 (1979). As petitioner did not verify her husband's income to DPW, the department properly terminated AFDC and food stamp benefits for her two children.

ORDER

AND Now, the 26th day of September, 1984, the orders of the Pennsylvania Department of Public Welfare dated August 30, 1983 and December 12, 1983 discontinuing AFDC and food stamp benefits for the minor children of Margaret E. Kratzer, are hereby affirmed.