Merry Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued January 29, 1985, before Judges ROGERS and CRAIG and Senior Judge BARBIERI, sitting as a panel of three.

*Paul D. Welch,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, with her, *John Kane,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 14, 1985:

Merry Snyder, Petitioner, seeks review of an order of the Pennsylvania Department of Public Welfare

(DPW) which affirmed the discontinuance of her General Assistance (GA) cash grant due to her eligibility to receive benefits under the Aid to Families with Dependent Children (AFDC) program and her refusal to cooperate with DPW to initiate a support action against her child's father.

The pertinent facts of this case are not in dispute. Petitioner is the mother of a minor son. She never married the child's father and the father does not reside with the family, nor does he provide monetary support to the child. She states however, that the father takes an active interest in the child's well-being and provides in-kind support in the nature of clothing, food and toys. Petitioner was receiving a monthly cash GA grant in the amount of $162 as well as food stamps, and while she did not seek a cash grant for the child, she did seek and was granted medical assistance for the child who was considered as categorically needy.

In May of 1983, the Perry County Assistance Office (CAO) conducted a review of Petitioner's eligibility to continue to receive her GA benefits. Section 432 (3)(ii) of the Public Welfare Code[1] requires such reviews on at least an annual basis. At that review, the CAO advised Petitioner that, due to a change in the law and applicable DPW regulations, she was no longer eligible to receive her GA cash grant because, in the opinion of the CAO, she was eligible for benefits under the AFDC program and that this AFDC eligibility required that she institute a support action against her child's father or provide good cause for failing to do so. On May 20, 1983, she informed the CAO that she would not institute a support action nor would she claim good cause for not doing so. As a result, on May 23, 1983, the CAO notified her that it determined that

---

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432(3)(ii).

she was no longer eligible for her GA benefits and proposed to discontinue them. Petitioner filed a timely appeal and a fair hearing was held on September 9, 1983. On September 13, 1983, the hearing officer issued an adjudication which denied her appeal. Final Administrative Action was taken by DPW on September 27, 1983 which upheld the hearing officer's adjudication and denied Snyder's appeal. Thereafter, Petitioner filed a timely petition for review with this Court.

In this appeal, Petitioner raises two assignments of error on the part of DPW which she contends require our reversal of the DPW order and a reinstatement of her GA benefits. First, she contends that DPW erred as a matter of law when it discontinued her GA benefits due to her refusal to institute a support action against her child's father in that the standards used by DPW to determine her eligibility for GA were inapplicable to her situation or, in the alternative, unreasonable. Second, she contends that even if the standards applied by DPW were applicable to her situation, DPW's conclusion that she is eligible for AFDC benefits is not supported by substantial evidence. We shall address these issues *seriatim,* duly noting that our scope of review of a DPW adjudication is limited to determining whether necessary findings are supported by substantial evidence, in accordance with law, and whether or not any of the Petitioner's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Montgomery County Child Welfare Services v. Hull,* 51 Pa. Commonwealth Ct. 1, 413 A.2d 757 (1980).

We shall first examine Petitioner's contention that DPW erred as a matter of law when it determined that she was required to seek financial benefits from available Federal programs before becoming eligible for GA benefits. Her argument is that since she had never

sought cash benefits for her minor child, the statutory and regulatory provisions pertaining to dependent children are not applicable in her case. Additionally, she argues, since she had not married the child's father, he had no duty of support owed to her, and since she never applied for a cash grant for the child, the requirement of Section 432.7 of the Public Welfare Code,[2] that she assist DPW in instituting a support action against the child's father in order to maintain her eligibility for assistance, is likewise inapplicable.

As noted, Petitioner was receiving a cash grant for herself as well as food stamps and medical assistance under the Commonwealth's general assistance program. Section 402 of the Public Welfare Code[3] defines "General assistance" as "assistance granted under the provisions of section 432(3)" of the Public Welfare Code.[4] Petitioner's minor son was also receiving GA medical assistance benefits. Section 432(3) of the Public Welfare Code sets forth two categories of eligible recipients for GA benefits; chronically needy and transitionally needy persons. Petitioner qualifies as a "chronically needy" person due to her status as a "caretaker" of her minor son. 62 P.S. §432(3)(i)(D). Her minor son qualifies as "chronically needy" due to his status as under the age of eighteen years. 62 P.S. §432(3)(i)(A). Despite the fact that Petitioner never desired a cash grant for her son, the medical assistance benefits which he received constitute "as-

---

[2] 62 P.S. §432.7. Subsection (3) of this statute requires applicants to cooperate with DPW in establishing the paternity of a child born out of wedlock with respect to whom assistance is claimed, except when such cooperation would not be in the best interest of the child. Subsection (4) requires applicants to cooperate with DPW in obtaining support payments for the applicant and for the child for whom aid is claimed.

[3] 62 P.S. §402.

[4] 62 P.S. §432(3).

sistance'' as used by the Public Welfare Code thus making applicable the requirements of Sections 432.6 and 432.7 of the Public Welfare Code dealing with obtaining support from legally responsible relatives.[5] Petitioner's eligibility under the ''chronically needy'' category is based on her status as the ''caretaker'' parent of her minor son which status requires that she cooperate in DPW's efforts to secure support from her child's father. Her failure to do so automatically renders her ineligible for GA benefits. 62 P.S. §§432.6 & 432.7.

Our study of the applicable provisions of the Public Welfare Code, notably Section 432.21,[6] clearly required that Petitioner cooperate in seeking AFDC benefits as, being Federally funded, a primary source for her assistance, failing in which, without good cause, Section 432.21 mandates that the person ''shall have his assistance terminated. . . .'' Furthermore, we cannot agree with Petitioner's contention that the requirement that she look first to available Federal programs is unreasonable. While we note that she would be entitled to receive a greater cash grant under AFDC than she does under GA, the majority of that

---

[5] 62 P.S. §§432.6 & 432.7. Section 432.6 requires assistance applicants whose eligibility for assistance is based on deprivation due to absence of a parent from a home be required to take all steps necessary, with DPW's assistance, to obtain support payments from absent parents.

[6] 62 P.S. §432.21. This section requires assistance applicants to look to certain Federal programs as their primary source of financial assistance. The statute specifically mentions Social Security Supplemental Security Income (SSI) and Social Security Retirement, Survivor's and Disability Income (RSDI) benefits as examples of such Federal programs but specifically mentions "other" Federal programs not listed. In that the AFDC program is a Federal assistance program which is also included in the Social Security Act, we find that AFDC is one of the "other Federal programs" to which the General Assembly determined that assistance applicants must first turn for financial assistance.

greater sum would be paid by the Federal government. In addition, the Federal government would reimburse the Commonwealth for the majority of its administration expenses pertaining to her case. The result would be a net increase in the funds available to Petitioner and her child and a net savings in the cost to the Commonwealth. As a result of that savings, the Commonwealth would be able to redirect the funds saved to provide assistance to ''chronically needy'' persons who are not eligible for Federal programs. The DPW regulation pertaining to this subject, 55 Pa. Code §141.61(a), interprets the statute to require that to be eligible for GA benefits, an applicant or recipient not be eligible for AFDC benefits. In view of the above, we find both the statutory provisions and DPW's regulations implementing them to be reasonable and in keeping with the stated purpose of the public assistance program which is to provide public assistance to all of the Commonwealth's needy and distressed. *Williams v. Pennsylvania Department of Public Welfare,* 41 Pa. Commonwealth Ct. 507, 399 A.2d 1150 (1979) (court's review of DPW regulations is limited to a determination of their reasonableness). We have previously expressed our recognition of the General Assembly's legitimate interest in allocating undeniably scarce social welfare resources to those considered most needy. *Kratzer v. Pennsylvania Department of Public Welfare,* 85 Pa. Commonwealth Ct. 318, 481 A.2d 1380 (1984). That interest has also been expressly recognized in the Federal Courts. *See Price v. Cohen,* 715 F.2d 87 (3d Cir. 1983), *cert. denied,* U.S.     , 104 S.Ct. 1300 (1984) (challenge to constitutionality of Public Welfare Code's classification of eligible general assistance recipients into chronically needy and transitionally needy, the latter being eligible for only limited benefits). We think it is beyond debate that a person who is qualified as ''chronically

needy" under 62 P.S. §432(3) and is not eligible for any Federal assistance programs is more in need of state social welfare dollars than is a similar person who is qualified for Federal financial assistance. Therefore, we find the requirements of the Public Welfare Code as well as DPW's regulations reasonable and reject Petitioner's contention to the contrary.

We now turn to Petitioner's final contention that DPW's conclusion that she is eligible for AFDC benefits is not supported by substantial evidence. To be eligible for AFDC benefits, an applicant is required to show both a need for assistance and the dependency of a child. *Royer v. Pennsylvania Department of Public Welfare*, 42 Pa. Commonwealth Ct. 304, 400 A.2d 913 (1979). There is no dispute that Petitioner is in need of assistance. Her prior qualification for GA benefits and her child's eligibility for medical assistance attest to that need. Her eligibility for AFDC, then, must be determined on the issue of whether her child is dependent within the meaning of the program.

Section 406(a) of the Social Security Act, 42 U.S.C. §606(a) defines "dependent child" as a needy child under the age of eighteen and who has been deprived of parental support and care by reason of, among other things, the continued absence from the home of a parent. Petitioner argues that her son is not deprived of parental support and care due to his father's absence from the home in that the father visits the child and provides some in-kind support. However, frequent visitation by a parent who does not live in the home does not negate a finding of deprivation caused by the parent's absence. *See* 45 C.F.R. §233.90(c)(1)(iii); *Simone v. Division of Public Welfare*, 191 N.J. Super. 228, 465 A.2d 1226 (1983). The evidence in the record substantiates DPW's conclusion that, despite the visits and limited in-kind support he provides, the child's father is not fulfilling his function as a pro-

vider of maintenance, physical care, or guidance for the child. Also, the fact that Petitioner's minor son qualifies for categorically needy medical assistance presupposes that the child is a dependent child. There exists substantial evidence in the record to support DPW's conclusion that Petitioner would be eligible for AFDC benefits if she cooperated with DPW as required by statute.

Having found substantial evidence in the record to support the contested factual findings and determined that no errors of law were committed or constitutional rights violated, we shall affirm the adjudication of DPW.

ORDER

AND Now, this 14th day of May, 1985, the order of the Pennsylvania Department of Public Welfare at Case No. 11701, dated September 27, 1983, which denied the appeal of Merry Snyder, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.