Mildred R. Curtaccio, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 13, 1985, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Frank J. Piatek,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 11, 1985:

Mildred R. Curtaccio appeals a Department of Public Welfare (DPW) order adopting a hearing examiner's decision reducing the Aid to Families with Dependent Children (AFDC) benefits which she received for her two children from a previous marriage. We affirm.

DPW has promulgated a regulation[1] providing a method for calculating the income of a stepparent, with whom a dependent child lives, to be considered in determining that child's need for AFDC benefits. Pursuant to this regulation, DPW deemed $116.25 to be available to the two children from their stepfather and reduced their AFDC benefits from $253.00 to $136.75 a month.

Curtaccio's contentions are that (1) DPW's regulation violates the due process and equal protection clauses of the U.S. Constitution, (2) it interferes with the Commonwealth's right to establish and enforce support obligations and (3) DPW's decision is contrary to law and unsupported by substantial evidence because it did not consider past medical expenses as deductions from available income. These legal questions are subject to this Court's review. 2 Pa. C. S. §704.

Curtaccio's initial contention is meritless. This Court has held that provisions deeming income of a stepparent available to a child do not violate either due process or equal protection rights under the

---

[1] 55 Pa. Code §183.44(b)(2)(ii).

Fourteenth Amendment. *Kratzer v. Department of Public Welfare*, 85 Pa. Commonwealth Ct. 318, 481 A. 2d 1380 (1984).

Curtaccio further contends that DPW's regulation, in effect, requires her new husband to support his unadopted stepchildren in a manner not required by Pennsylvania support law.[2] However, we hold that it merely treats a dependent child living with a stepparent as less needy than a child without this benefit and does not interfere with the Commonwealth's right to establish or enforce support obligations.

DPW concedes that its regulation also allows the stepfather to deduct, from his total net income in any month, the medical expenses he *paid* during that month.[3] However, it contends that neither unpaid bills nor *past expenses* are deductible. We agree. An AFDC payment in one month is based on income deemed available in a prior "budget month."[4] Each increase in the stepfather's medical care expenditures, for himself and his dependents, will result in a decrease in the income deemed available to his stepchildren in that budget month, resulting in an increased AFDC payment in the subsequent month. We hold that past medical expenses are not allowable deductions from available income for AFDC purposes and, therefore, that this aspect of DPW's decision is supported by substantial evidence and in accordance with law.

We hold that DPW's regulation does not violate Curtaccio's constitutional due process or equal protection rights and that DPW committed no error of law

---

[2] The Support Law, Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §§1971-77.

[3] 55 Pa. Code §183.44(b) (2) (ii) (B) (I) (-b-) (-2-) provides for deduction of "[t]he actual cost of medical care for the spouse or parent and his allowable dependents."

[4] *See* 55 Pa. Code §§183.23 and 183.24.

by reducing the AFDC benefits she received for her two children.

Affirmed.

ORDER

The order of the Department of Public Welfare, Case #43757-C dated September 16, 1983, is affirmed.

Judge ROGERS did not participate in the decision in this case.