535 A.2d 674

Debbie Stanley, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 12, 1987, before Judge COLINS, and Senior Judges BARBIERI and NARICK, sitting as a panel of three.

*Howard R. Maniloff,* with him, *Allan M. Tabas, Tabas, Furlong & Rosen,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, December 23, 1987:

The Hershey Medical Center (Hershey), as attorney-in-fact for Debbie Stanley (petitioner), appeals an Order of the Department of Public Welfare (Department) which affirmed a Hearing Examiner's decision denying petitioner medical assistance (MA) benefits on behalf of her newborn son.

Petitioner's infant son received medical care at Hershey's neonatal intensive care unit from November 15, 1984, the date of his birth, until his death some two months later. On November 30, 1984, Hershey submitted an application for MA benefits on petitioner's behalf to the York County Assistance Office (CAO). Pursuant to the application process and in an effort to determine petitioner's eligibility for assistance, CAO representatives interviewed her at her home on January 2, 1985. Thereafter ensued a curious scenario in which petitioner initially represented to the CAO representatives that she and her husband no longer resided together; however, she recanted this statement when later confronted with evidence to the contrary. The CAO representatives then met with petitioner and her husband. When asked about his income, Mr. Stanley replied that he was self-

employed but was unable to delineate his income, any of his employers or their locations, or any work expenses associated with his self-employment. The CAO representatives then requested that Mr. Stanley verify his assertions by obtaining written statements from his employers and, by letter of the following day, which, we note, is not of record, reaffirmed their request for such verification and directed that the documentation be received by the CAO by January 11, 1985. When neither petitioner nor her husband responded, the CAO issued a notice of ineligibility for failing to provide sufficient information to establish eligibility. On behalf of petitioner, Hershey appealed the denial of assistance to the Department.

The matter proceeded to a hearing at which Hershey, as attorney-in-fact, appeared for petitioner although she was not personally present. Also present were the CAO Supervisor and the representative who had interviewed petitioner and her husband. After the hearing, the Hearing Officer concluded that the CAO acted properly in attempting to secure verification of petitioner's financial status and held that her MA application was properly denied when no such verification was forthcoming. The Hearing Officer's decision was affirmed by the Office of Hearings and Appeals and by final administrative action of the Department's Deputy Executive Secretary (Secretary). This appeal followed.

Hershey, on behalf of petitioner, raises several arguments in this appeal which we will consider *seriatim*, keeping in mind that our scope of review of a Department decision is limited to determining whether the necessary findings of fact are supported by substantial evidence, errors of law have been committed and whether the petitioner's constitutional rights have been violated. *Goughenour v. Department of Public Welfare,* 100 Pa. Commonwealth Ct. 401, 514 A.2d 993 (1986).

Hershey first contends that the Department erroneously relied upon certain regulations to burden petitioner with the necessity of verifying the financial information contained in her MA application. We take Hershey's argument to suggest that the CAO must accept the application at face value, such that its insistence upon verification in the instant matter exceeded the scope of its authority.

It is indeed true, as Hershey notes, that the Hearing Officer and the Secretary based their respective decisions upon different regulations. The Hearing Officer cited to 55 Pa. Code §125.21(a) and (b) as requiring verification of an MA application, which provisions appear applicable solely to the Department's AFDC/GA Program and are thus not relevant here. However, the Hearing Officer also relied upon the general provision found at 55 Pa. Code §201.1(1) which reads as follows:

The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, to the extent that he is able, to substantiate the information he has provided by documentary evidence or other means as may serve to establish the truth of his statements.

The Secretary based his decision upon 55 Pa. Code §125.84(c)-(e), specifically applicable to the MA application process, which pertinently require the CAO to conduct a personal interview with an applicant so that it may review the application for accuracy and may inform the applicant of additional or substantiating information needed to determine eligibility. Because petitioner had not complied with the CAO's request for verification, the Secretary found that her application was properly denied.

Although there is no constitutional right to receive public assistance, *Kratzer v. Department of Public Wel-*

*fare,* 85 Pa. Commonwealth Ct. 318, 481 A.2d 1380 (1984), a person who is medically needy is statutorily eligible for MA.[1] This Court has recognized our legislature's legitimate interest in allocating undeniably scarce social welfare resources to those considered most needy. *Snyder v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 260, 492 A.2d 124 (1985); *Kratzer.* Departmental regulations clearly reveal that any inquiry regarding need, and therefore eligibility for public assistance, focuses upon the financial resources of the family unit. *See* 55 Pa. Code §§183.1, 183.84(a)(1) and (2). The burden of proving eligibility for assistance rests with the applicant, provided she is advised of all services and benefits. *Martin v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 345, 514 A.2d 204 (1986).

In the instant matter, a CAO representative testified that she asked petitioner and her husband about their financial situation in an attempt to determine their eligibility for assistance. When Mr. Stanley indicated that he was self-employed but would not provide the names, addresses or income received from any of his employers, nor the name and address of his brother from whom he stated that he rented equipment, the CAO representative properly requested verification. Had the CAO representative failed to request verification under the facts of this case, we would find her actions remiss. The regulations relied upon by the Secretary clearly require an MA applicant to substantiate her assertions as to financial status. 55 Pa. Code §125.84(c)-(e); *see also* 55 Pa. Code §201.1(1). As petitioner failed to do so, her application was properly denied. *See Juras v. Department of Public Welfare,* 73 Pa. Commonwealth Ct. 169,

---

[1] *See* Sections 441.1 and 442.1 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* added by the Act of July 31, 1958, P.L. 904, *as amended,* 62 P.S. §§441.1, 442.1.

457 A.2d 1020 (1983); *Dempsey v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 121, 404 A.2d 1373 (1979). Although 55 Pa. Code §201.4, pertaining to general verification procedures, authorizes the CAO to obtain substantiating information from collateral sources in certain circumstances, we cannot find that such regulation relieves the applicant of the *primary* responsibility of doing so, as Hershey suggests.[2]

Hershey next asserts that petitioner's infant son was, in fact, the recipient of assistance in the instant matter, such that the burden of providing verification fell upon *him*. It finds support for this contention in the regulation found at 55 Pa. Code §201.1(1) and (2) which, respectively, requires the applicant to substantiate financial information only "to the extent that he is able" and admonishes the CAO to "keep in mind that, because of age, physical or mental disabilities, language difficulties and other factors, individuals will have different capacities for assisting with the establishment of eligibility."

Hershey's suggestion that petitioner's infant son supplied information to the best of his ability, thus fully complying with the above regulation, is specious. Common sense would dictate that the *parents* of any infant receiving medical treatment are responsible for the costs thus incurred and must be considered the MA applicants of any request for assistance. Indeed, a departmental regulation reflects such logic. *See* 55 Pa. Code §123.82 (providing that "[t]he adult with whom an unemancipated minor lives, or the guardian or trustee of an adult, will be the applicant in the behalf of the child.") We fully believe the regulations relied upon by

---

[2] *See* 55 Pa. Code §201.4(a)(1)(i) which provides in pertinent part that "[i]f the client is unable to obtain the necessary evidence to verify eligibility, the CAO will obtain it from public records, collateral sources and the like."

Hershey address exigent circumstances other than infancy.

Assuming *arguendo,* that petitioner's failure to provide verification ultimately rendered her ineligible for assistance, Hershey next contends that she was entitled to an *interim* award because the CAO failed to act upon her application in a timely fashion. Hershey posits the following rationale: Section 432.19 of the Code[3] provides that "initial authorization of assistance *shall not be delayed more than fifteen days after application* for purposes of verification of eligibility if the applicant has cooperated in the verification attempt." (Emphasis added.) Petitioner's MA application was received by the CAO on December 5, 1984, her interview was conducted on January 2, 1985 and she was afforded until January 11, 1985 to provide verification. Hershey contends that petitioner was entitled to an award of assistance after December 20, 1984, by which time the CAO was to have acted on her application, until January 16, 1985, at which time she was deemed uncooperative and her MA application was denied.

Hershey's reliance upon Section 432.19 of the Code is misplaced. That provision appears within the section of the Code pertaining to "Assistance Other Than Medical Assistance." We note that Department regulations require that MA applications be acted upon "promptly", that eligibility be determined as "quickly as possible, *preferably* within at least 30 days from the date of application . . ." and that a personal interview with the applicant be conducted within 60 days from the application date. 55 Pa. Code §§125.84(e)(1) and (c), respectively (emphasis added). Subsection (e)(1) of the regulation further provides:

> If circumstances are such that the [CAO] is unable to make a decision within the 30 day period,

---

[3] Added by the Act of April 8, 1982, P.L. 231, 62 P.S. §432.19.

> it may extend this period on the condition that the applicant is advised, by letter, of the reasons for the delay, the date he may expect a decision, and his right to a fair hearing if he believes the delay is unjustified.

Assistance may be authorized pending the personal interview for no more than sixty days on the basis of the information in the application. 55 Pa. Code §125.84(c).

While assistance *may* be authorized on the basis of the application, we read no mandate in the above regulations requiring the Department to do so. The CAO Supervisor testified that petitioner had a history of contacts with her office, the outcomes of which made her reluctant to accept petitioner's assertions at face value. Additionally, the CAO representative testified that the ambiguous representations of petitioner and her husband at the two personal interviews which she conducted led her to believe that verification was necessary, a judgment which, we believe, was peculiarly within her expertise. We thus reject Hershey's contention that petitioner was entitled as a matter of right to an interim award.

Finally, we reject Hershey's contention that the Department's regulations afford disparate and thus unconstitutional treatment of minor children who reside with their parents and those who do not. It finds support for this contention in 55 Pa. Code §§187.71-187.84 (pertaining to the financial support required of legally responsible relatives) which authorizes an interim award of assistance where the applicant is otherwise eligible but information as to the financial resources of a legally responsible relative is not immediately available.[4] Hershey finds it "incomprehensible" that interim

---

[4] *See* 55 Pa. Code §187.81(7), which pertinently provides that:
> If the applicant is otherwise eligible and if an immediate finding cannot be made of the financial ability of a

assistance was not provided in the instant matter, where petitioner and her husband reside together, while it may be authorized if a parent is *absent* from the home and delays in providing verification.

Our review of Department regulations is limited to a determination of their reasonableness. *Snyder; Kratzer.* We find it indeed reasonable to assume that financial information necessary to determine eligibility may be more difficult to obtain from absent parents than from an intact family unit. Moreover, we find a rational basis for a regulation which creates a presumption of greater need for a child not residing with both parents than for one who does.

Throughout the course of these proceedings, Hershey, as attorney-in-fact, has argued that it is being financially[5] penalized for having made heroic efforts to save the life of a innocent child, rather than withhold treatment pending approval by the Department. This Court cannot, in good conscience, disagree with Hershey's summary. However, the regulations in question comply with the statute and the statute is clearly a valid exercise of constitutional power. It is true that the executive branch of the government, via the Secretary of Public Welfare, has discretion, in the instant matter, to approve payment. However, the Secretary of Public Welfare, via his proper representatives, has chosen to withhold payment. Our review indicates that this decision is not irrational nor arbitrary, merely discretionary.

---

legally responsible relative to help meet the medical care costs of his spouse or unemancipated minor children, the client will be eligible for medical assistance for a temporary period, not to exceed such time as a decision can be reached as to the availability of funds from the legally responsible relative.

[5] There is an indication in the record that the amount at issue approached $100,000.00.

It would be a violation of fundamental constitutional concepts for this Court to usurp the power of a separate but equal branch of government and perform a discretionary function legislatively mandated to be that of the Executive Branch.

Accordingly, the Order of the Department is affirmed.

### ORDER

AND NOW, this 23rd day of December, 1987, the Order of the Department of Public Welfare in the above-captioned matter is affirmed.