ANDREA BUCCHERE *v.* AUDREY ROWE,
COMMISSIONER OF SOCIAL SERVICES

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 528587
                        FAIRFIELD

Memorandum filed July 14, 1994

*Thomas P. Heslin,* for the plaintiff.

*Richard J. Lynch* and *Marianne I. Horn,* assistant attorneys general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

MALONEY, J. The plaintiff appeals a decision of the defendant commissioner of social services denying her application for Title XIX medicaid benefits. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant.

The essential facts are not in dispute. The plaintiff was born on January 23, 1976. On April 24, 1992, when she was sixteen years of age, the Superior Court issued an order emancipating the plaintiff pursuant to General Statutes § 46b-150. The apparent basis of that order was, inter alia, that she was living separate and apart from her parents at that time.

Subsequent to her emancipation, the plaintiff became pregnant. During her pregnancy and, as she states in

her brief, "because of her medical condition," she moved back to live with her father and her stepmother.

On March 19, 1993, when she was seventeen years of age, still pregnant, and living in her father's household, the plaintiff applied to the department of social services (department) for benefits under the federal and state jointly funded "healthy start" program. This program, which is part of medicaid, provides medical benefits to pregnant women who satisfy the financial requirements of the law. On April 20, 1993, the department denied the application on the basis that the plaintiff's income, including that which was deemed available to her from her father, disqualified her under the law and applicable regulations. On July 6, 1993, following a fair hearing, the department's hearing officer rendered a final decision affirming the denial of benefits. It is that decision that is the subject of this appeal.

The basis of the hearing officer's decision was that the plaintiff's income, when combined with that of her father, exceeded the level that would qualify her for the benefits she sought. The undisputed facts found by the hearing officer were that the plaintiff received income of $319 per month and that her father received $4480 per month, for a combined total income of $4799 per month. According to the applicable regulations, which the plaintiff does not dispute, an individual's monthly income may not exceed $1833.35 per month, in a three person household, in order to qualify for the benefits.

The crux of the plaintiff's appeal is that the department erroneously included the father's income in determining her ineligibility for the benefits. She argues that her emancipation completely and for all purposes terminated the parent-child relationship. In particular, she argues, the statute under which she obtained her emancipation explicitly relieved her father of the obligation

to provide any support or assistance to her. It follows, she argues, that it is unreasonable and improper for the department to deem the father's income to be "available" to her and thus includible in the eligibility determination.

Section 5020.10 of the department's uniform policy manual provides that the income of the parent of a minor pregnant woman is "deemed" available to the woman for purposes of determining her eligibility for benefits under the healthy start program. This "deeming" provision is subject to the conditions that "a. the parent is living with the assistance unit [the pregnant minor daughter]; and b. the minor parent [the pregnant minor daughter] is less than 18 years of age." The department's uniform policy manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes § 17-3f (c); *Richard* v. *Commissioner of Income Maintenance,* 214 Conn. 601, 573 A.2d 712 (1990).

The federal progenitors of § 5020.10 of the department's policy manual are provisions of the federal law and regulations relating to the Aid to Families with Dependent Children (AFDC) program, which also control the eligibility requirements for the healthy start program. These are 42 U.S.C. § 602 (a) (39) and the regulations promulgated thereunder; in particular, 45 C.F.R. § 233.20. This statute and its regulations provide that the state agency administering the program include the income of a minor's parents in determining the minor's eligibility in a case where the minor lives with her parents. A minor is defined as an individual who has not attained eighteen years of age.

The secretary of health and human services (secretary) is responsible for administering and enforcing the federal statutes and regulations in this field. In the course of performing these responsibilities, the secre-

tary, from time to time, issues "interpretive rules." In response to an inquiry about a situation exactly similar to that presented in the present case, the secretary ruled that parental income is deemed available to a minor who lives with her parents even in the instance where the minor is emancipated under applicable provisions of state law.

"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of [the] court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." *Starr* v. *Commissioner of Environmental Protection,* 226 Conn. 358, 372, 627 A.2d 1296 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 497, 512 A.2d 199 (1986). It is undisputed that the department is responsible for enforcing the state statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that interpretation followed by the administrative agency concerned. *Starr* v. *Commissioner of Environmental Protection,* supra, 376.

Similar rules of deference to administrative interpretations of statutes and regulations pertain in the federal arena. See *Chevron U.S.A.* v. *National Resources Defense Council,* 467 U.S. 837, 844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984); *Miller* v. *Youakim,* 440 U.S. 125, 144, 99 S. Ct. 957, 59 L. Ed. 2d 194 (1979). The latter case is particularly significant in the context of

the present case in that the United States Supreme Court held that an interpretation by the secretary of health, education and welfare (the precursor of health and human services) of her own regulations concerning AFDC benefits was entitled to substantial deference.

Of course, the court does not accord such deference to administrative agencies in blank check form. "The court's ultimate duty is . . . to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utilities Control,* 219 Conn. 51, 57–58, 591 A.2d 1231 (1991). The critical question in the context of the present case, therefore, is whether the responsible officials' interpretations of federal and state laws and regulations defining the available income of a minor parent and welfare applicant withstand the tests of reasonableness and fairness. The court concludes that they do.

The plaintiff argues that the officials overlooked the purpose of the changes enacted in the federal law when it was amended in the 1986 Tax Reform Act. The amendment eliminated a provision that allowed states the option of extending the age of minority to twenty-one for individuals attending school full-time. Utilizing that option, a state could require that a parent's income be deemed available to individuals over eighteen years of age if they were attending school. The plaintiff argues that congress simply intended to omit reference to school attendance so that a state could not adopt a provision that would provide an incentive to drop out of school. She claims that there was no intention to limit the effect of state emancipation laws on the status of individuals who would otherwise be regarded as minors under the "deeming" regulations. There is no basis in the statutes or regulations, there-

fore, she argues, for interpreting them as overriding the effect of Connecticut's emancipation laws.

The defendant commissioner and her federal counterpart, however, view the change as clarifying the definition of "minor" to mean all persons, and only those persons, under eighteen years of age, regardless of conflicting provisions that might exist in various state laws. The defendant cites 1986 U.S. Code Cong. & Admin. News 4942 in support of her position. The court concludes that *Starr* v. *Commissioner of Environmental Protection,* supra, 226 Conn. 358; *Chevron U.S.A.* v. *National Resources Defense Council,* supra, 476 U.S. 837; *Miller* v. *Youakim,* supra, 440 U.S. 125, clearly require the court to defer to the interpretation given by the two administrative agencies.

The compelling reason for deferring to the interpretations given the statutes and regulations by the administrative agencies in the present case is that they are reasonable and appeal to common sense. Parents are naturally inclined to provide for the welfare and support of their children. Indeed, as counsel for the commissioner points out in her brief, citing *Kratzer* v. *Commonwealth Dept. of Public Welfare,* 85 Pa. Commw. 318, 481 A.2d 1380 (1984), it is rational even to assume that children living with a working stepparent, who has no legal obligation to support them, are less needy than those without such a stepparent in the household. Certainly, following the same common sense view of family relationships, it is rational to assume that a minor child living in the home of her biological father, who is employed and earning a substantial salary, is less needy than she would be if she were not living in her father's household. This is so even in the instance where, like a stepchild, she may have no legally enforceable claim on her father's income. It follows that it is reasonable to interpret the regulations in question as requiring the father's income to be taken into account in determin-

ing the actual financial needs of the child, emancipated or not, who lives in his home. Such an interpretation is particularly appropriate in the present case, where all of the evidence, as well as statements of the plaintiff in her brief, clearly establish that the plaintiff's return to her father's household was necessitated by her need for her father's care and support.

Although there is absolutely no evidence in the record of the present case that either the plaintiff or her father obtained her emancipation in an attempt to circumvent the income limitations of the medicaid program, the court notes that it would be possible for others to do so under the plaintiff's interpretation of the statutes and regulations. If her interpretation were to prevail, a child could become emancipated, then reunite with his or her family and apply for welfare benefits. Since the child would have to be regarded as essentially unrelated to the benefactors (it is noteworthy that the plaintiff, in her brief, referred to "her *former* parent's household"), the child would theoretically be eligible for welfare benefits from the state and federal governments, regardless of how comfortable, or even luxurious, the child's actual circumstances might be. Such unreasonable disregard of an applicant's true economic situation would obviously undermine the whole purpose of the Title XIX program, which is to "reimburse certain costs of medical treatment for *needy* persons." (Emphasis added.) *Harris* v. *McRae,* 448 U.S. 297, 301, 100 S. Ct. 2671, 65 L. Ed. 2d 784 (1980), cited by the defendant.

For all of the reasons previously set forth, the court concludes that the defendant's hearing officer reasonably interpreted the applicable statutes and regulations to require that the income of the plaintiff's father be deemed available to her, while she was living in his household, in determining her eligibility for the benefits she sought from the department.

The appeal is dismissed.