**Regina GOLDSTEIN, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.

Decided Feb. 2, 1995.

---

Regina Goldstein, petitioner, for herself.

Christine D. DeMichele, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Petitioner Regina M. Goldstein, appearing *pro se,* petitions for review of the April 28, 1994 Final Order on the Merits of the Department of Public Welfare (DPW) which upheld the determination that Petitioner's household is ineligible for Medical Assistance.

The issue before us is whether Petitioner's spouse's disability insurance income of $1,029.60 a month is *unearned* income. If so, the disability insurance, combined with $600.00 a month in workers' compensation benefits, would result in a household gross and net monthly income exceeding the income eligibility limits for Medical Assistance. If, however, the disability insurance is *earned* income, the family may be eligible. We affirm DPW's determination that the household is not eligible for benefits.

### Facts

The following facts are not in dispute. Petitioner, her husband, and their six-year-old child, residents of Lancaster County, had been receiving Medical Assistance until June 28, 1993 under DPW's Healthy Horizons Program. On that date, Petitioner informed the County Assistance Office (CAO) that her husband was receiving $1029.60 per month in disability benefits pursuant to a disability insurance policy paid for by his employer. By letter dated June 28, 1993, the CAO informed Petitioner that pursuant to 55 Pa. Code § 140.201 and § 140.231, her household net income exceeded the income limit for her family's program and she was no longer eligible to receive Medical Assistance thereunder.

Petitioner timely appealed DPW's determination and a hearing was conducted by a Hearing Officer on December 10, 1993. At the hearing, the CAO witness testified that the Goldstein household's monthly income of $1,629.60 ($600.00 workers' compensation, $1029.60 disability insurance) renders the household ineligible for all Medical Assistance programs. The Hearing Officer denied Petitioner's appeal, finding that, pursuant to

55 Pa.Code §§ 181.2, 181.101 and 181.132, the workers' compensation benefits and disability insurance are unearned income which must be counted for purposes of Medical Assistance eligibility.[1]

■ On February 22, 1994, the Director of the Office of Hearings and Appeals affirmed the Hearing Officer's decision. DPW granted Petitioner's request for reconsideration. By order dated March 22, 1994, DPW upheld the decision of the Office of Hearings and Appeals and issued a Final Order on the Merits on April 28, 1994. On May 26, 1994, Petitioner filed her petition for review before this Court.[2]

### Discussion

Petitioner argues that DPW erred in counting her husband's disability insurance as unearned income, thereby rendering her household ineligible for Medical Assistance.[3] Petitioner contends that the payments her husband receives from his former employer's disability insurance policy are actually sick pay. Mr. Goldstein is permanently partially disabled as a result of a work-related injury for which he also receives $600.00 a month in workers' compensation benefits. Petitioner claims the check stubs identify the disability insurance payments as sick benefits.

DPW's Medical Assistance Eligibility Handbook (Handbook) lists as earned income: "Employee sick benefits if the person plans to return to work." *See* Handbook Section 319.61, Attachment "A" of Petitioner's Brief.[4] But disability benefits are unearned income under 55 Pa.Code §§ 140.251 and 181.101.[5]

■ Petitioner contends that the perceived difference between sick pay and disability benefits in the Code and the Handbook creates an ambiguity which should be resolved in her favor. We disagree. First, we believe that the terms "sick pay" and "disability benefits" are not ambiguous and should be given their plain everyday meaning; second, if there is in fact any conflict between DPW's regulation and its handbook, the provisions of the regulation must control over the purely advisory provisions in the Handbook. *Pennsylvania Human Relations Commission v. Norristown Area School District*, 20 Pa.Commonwealth Ct. 555, 342 A.2d 464 (1975), *aff'd*, 473 Pa. 334, 374 A.2d 671 (1977); *Willman v. Children's Hospital of Pittsburgh*, 74 Pa.Commonwealth Ct. 67, 459

1. Petitioner does not dispute the fact that if the disability insurance payments are unearned income, her household's net monthly income of $1566.60 ($1629.20 less deductions amounting to $63.00) exceeds the income eligibility level of $990.00 for a family of three for Medical Assistance under the Healthy Horizons Program.

2. Our scope of review of a final order by the DPW is limited to determining whether constitutional rights have been violated, an error of law has been committed or whether the order is supported by substantial evidence. 2 Pa.C.S. § 704; *Burks v. Department of Public Welfare*, 48 Pa.Commonwealth Ct. 6, 408 A.2d 912 (1979).

   The Hearing Officer is the ultimate fact-finder in Medical Assistance cases. *Northwestern Institute of Psychiatry v. Department of Public Welfare*, 99 Pa.Commonwealth Ct. 213, 513 A.2d 495 (1986).

3. The import of labeling a type of income either earned or unearned is due to the deductions allowable for each type of income in determining eligibility for the Medical Assistance program. For example, impairment-related work expenses may be deducted from earned income but not from unearned income. Petitioner's brief does not set forth with particularity what specific deductions including work expenses she believes

would be made from income, if we were to conclude that the income was earned.

4. The Handbook cites 55 Pa.Code § 140.251 as its authority:

   Gross earned income, including wages, tips, salaries, commissions, severance pay and bonuses from employment is counted as earned income.
   55 Pa.Code § 140.251.

5. Chapter 140 of Title 55 of the Pa.Code lists special medical assistance provisions. Section 140.261 lists types of income counted as unearned income. It provides in pertinent part as follows:

   Annuities, pensions and other periodic payments which include private pensions, social security benefits including Part B Medicare premiums, *disability benefits*, veterans benefits, *worker's compensation*, railroad retirement, unemployment insurance benefits, dividends, interest and royalties are counted as unearned income....
   55 Pa.Code § 140.261 (emphasis added).
   Section 181.101 lists the same sources of income counted as unearned income for the aged, blind and disabled categories.

A.2d 855 (1983), *aff'd,* 505 Pa. 263, 479 A.2d 452 (1984).

Although the terms may well overlap in some instances, sick pay is normally a continuation of an employee's wages while the employee continues to be employed but is temporarily unable to perform his or her duties due to an illness. The employee intends to return to work for the same employer when he or she has sufficiently recovered from his or her illness. Disability benefits usually are different. Typically, as here, an employee who becomes disabled from performing his or her job receives disability benefits out of an employer-paid insurance policy because the employee is unable to perform his or her job due to the disability.

■ We find no error in the DPW's conclusion that Petitioner's husband is disabled, not sick. He testified that he is totally disabled from any occupation he is trained to do.

SHAPIRO: Mr. Goldstein, are you presently employed?

MR. GOLDSTEIN: No, I'm not.

SHAPIRO: And do you receive any compensation from your last relationship of employment?

MR. GOLDSTEIN: Yeah, I get company disability.

SHAPIRO: Okay, what do you get?

MR. GOLDSTEIN: Ten, $1,029.60 which is a long-term disability.

SHAPIRO: And why do you get long-term disability?

MR. GOLDSTEIN: I had a knee injury at work.

SHAPIRO: Okay. And this disability comes out of what from the employer?

MR. GOLDSTEIN: Their insurance policy with a company called Unum Life Insurance.

. . . .

SHAPIRO: Now presently what is your state of employment?

MR. GOLDSTEIN: That I'm unemployed. I'm going back to, um, I'm totally disabled in any occupation which I'm educated and trained to do.

SHAPIRO: Are you enrolled in a training program at this point?

MR. GOLDSTEIN: Yes, January 18 I'm starting a training program with the Lancaster County Vo–Tech in desktop publishing. INAUDIBLE graphics INAUDIBLE to get a more sedentary position because I can't do any physical labor.

(N.T. at 41–43.)

The evidence shows that he is unable to return to his previous job and cannot work until he has been "revocationalized." (Respondent's Brief, Exhibit 5.) Therefore, Mr. Goldstein is not ill and temporarily out on sick pay, but is permanently disabled from returning to his previous employment. The benefits he receives from his former employer's disability insurance carrier are clearly disability benefits and not sick pay.

■ We are not persuaded by Petitioner's contention that the payments are sick benefits because the insurer's check stubs label them as such. The disability insurance carrier, UNUM, explains that the payments are labeled sick pay for tax purposes. (Respondent's Brief, Exhibit 7.) UNUM defines the nature of the benefits it provides as a "taxable disability insurance benefit." (Respondent's Brief, Exhibit 8.) Clearly, these disability payments are not "sick pay" for purposes of Medical Assistance eligibility merely because the insurance carrier chooses to label them as such.

We must conclude that DPW did not err as a matter of law in upholding the determination that Petitioner's husband's disability payments constitute unearned income for purposes of Medical Assistance eligibility and that Petitioner's household was ineligible for Medical Assistance as of June 28, 1993.

For the reasons stated above, we affirm the order of the Department of Public Welfare.

### ORDER

AND NOW, this 2nd day of February, 1995, the order of the Department of Public

Welfare dated April 28, 1994 at Case No. 36–0147739–002 is hereby affirmed.