Rita M. CIANELA, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 24, 1995.

Decided May 9, 1995.

Rita M. Cianela, petitioner, for herself.

Lesley Smith Oakes, Asst. Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

FRIEDMAN, Judge.

Rita M. Cianela appeals from an order of the Department of Public Welfare (DPW), which affirmed the decision of the DPW's Office of Hearings and Appeals (OHA) terminating Cianela's eligibility for Medical Assistance (MA) benefits. We affirm.

 Cianela received $663 a month in income from the Social Security Administration in the form of Old Age, Survivors and Disability Insurance (OASDI).[1] At the same time, Cianela received MA benefits under DPW's Healthy Horizons Categorically Needy Program (Healthy Horizons).[2] However, the income limit allowing an individual to receive MA benefits under Healthy Horizons was $567, and because Cianela's OASDI payments exceeded Healthy Horizons' income limit, DPW advised Cianela that she was ineligible to receive MA benefits under Healthy Horizons. Cianela appealed that denial of MA benefits and a hearing was held before a hearing officer,[3] who found that Cianela's income exceeded the income limit for Healthy Horizons and, therefore, Cianela was ineligible to receive MA benefits under that program. (Hearing officer's adjudication at 1–2.) Cianela appealed to the OHA, which affirmed the hearing officer's decision. Subsequently, Cianela filed a petition requesting reconsideration of OHA's decision. The Secretary of DPW granted reconsideration and reviewed the decision. On August 31, 1994, the Secretary issued a Final Order on the Merits, which "upheld" OHA's decision.

 Cianela, *pro se*, now appeals to this court,[4] arguing that DPW erred in terminating her MA benefits because they were protected by the "Pickle Amendment"[5] to the Social Security Act, Act of October 20, 1976, P.L. 94–566, Title V, § 503, 90 Stat. 2685.[6]

---

1. The hearing officer refers to this income as Social Security Disability Benefits.

2. *See* 55 Pa.Code § 140.201.

3. The hearing officer is the ultimate fact-finder in medical assistance cases. *Goldstein v. Department of Public Welfare,* —— Pa.Commonwealth Ct. ——, 654 A.2d 295 (1995).

4. Our scope of review of a final order by DPW is limited to determining whether an error of law has been committed, whether the order is supported by substantial evidence or whether constitutional rights have been violated. *Goldstein.*

5. The "Pickle Amendment" is entitled "Preservation of Medicaid Eligibility for Individuals Who Cease To Be Eligible for Supplemental Security Income Benefits on Account of Cost-of-Living Increases in Social Security Benefits."

6. The "Pickle Amendment" to the Social Security Act is not recorded in the text of the U.S.C. reporter; however, it is made part of 42 U.S.C. § 1396a through a note following the text and is cited by the federal courts as 42 U.S.C. § 1396a note. The "Pickle Amendment" provides:

In addition to other requirements imposed by law as a condition for the approval of any State plan under title XIX of the Social Security Act, there is hereby imposed the requirement (and each such State plan shall be deemed to require) that medical assistance under such plan shall be provided to any individual, for any month after June 1977 for which such individual is entitled to a monthly insurance benefit under title II of such Act but is not eligible for benefits under title XVI of such Act, in like manner and subject to the same terms and conditions as are applicable under such State plan in the case of individuals who are eligible for and receiving benefits under such title XVI for such month, if for such month such individual would be (or could become) eligible for benefits under such title XVI except for amounts of income received by such individual and his spouse (if any) which are attributable to increases in the level of monthly insurance benefits payable under title II of such Act which have occurred pursuant to section 215(i) of such Act, in the case of such individual, since the last month after April 1977 for which such individual was both eligible for (and received) benefits under such title XVI and was entitled to a monthly insurance benefit under such title II, and, in the case of such individual's spouse (if any), since the last such month for which such spouse was both eligible for (and received) benefits under such title XVI and was entitled to a monthly insurance benefit under such title II. Solely for purposes of this section, payments of the type described in section 1616(a) of the Social Security Act or of the type described in section 212(a) of Public Law 93–66 shall be deemed to be benefits under title XVI of the Social Security Act.

An OASDI beneficiary may be eligible to receive Supplemental Security Income (SSI) if her OASDI benefit plus other income is less than the minimum level set for SSI eligibility. *Lynch v. Rank,* 747 F.2d 528 (9th Cir.1984). Under federal law, all recipients are eligible for MA benefits. 42 U.S.C. § 1396a(a)(10)(A)(i)(II). The "Pickle Amendment" protects the MA eligibility of certain persons who once received simultaneous SSI and OASDI payments.[7] *Lynch; Ciampa v. Secretary of Health and Human Services,* 687 F.2d 518 (1st Cir.1982). Prior to the passage of the "Pickle Amendment," individuals who received simultaneous SSI and OASDI payments could lose their MA eligibility when a Cost-of-Living Adjustment (COLA) increase in OASDI put them over the SSI income limit. *Lynch; see Noland v. Shalala,* 12 F.3d 258 (D.C.Cir.1994). However, under the "Pickle Amendment," persons who once received SSI and OASDI at the same time and subsequently lost SSI eligibility due to OASDI COLAs nevertheless retained MA eligibility.[8] *Noland.* Cianela claims that this scenario applies to her situation. Cianela argues that she had received SSI from March 20, 1989 through July 31, 1989. Effective August 1, 1989, she then began to receive her OASDI payments. Because her OASDI payments exceeded the limit set for SSI eligibility, she became ineligible to receive further SSI payments.

There is no evidence on the record, however, that Cianela ever received, simultaneously, both SSI and OASDI payments or that her loss of SSI was attributable to COLA increases. In her reply brief, Cianela now attempts to introduce factual evidence of such receipt; however, we are precluded from making findings of fact and, therefore, cannot consider that evidence. Accordingly, on the record before us, it is clear that Cianela failed to meet her burden of proving her entitlement to the protection of the "Pickle Amendment" and, thus, her MA eligibility. *See Wengrzyn v. Cohen,* 92 Pa.Commonwealth Ct. 154, 498 A.2d 61 (1985).

Accordingly, we affirm the decision of DPW.

## ORDER

AND NOW, this 9th day of May, 1995, the Final Order on the Merits by the Secretary of the Department of Public Welfare, entered on August 31, 1994, at Case No. 512009968–001, is hereby AFFIRMED.

We note that Cianela never addressed her entitlement to the "Pickle Amendment's" protection in front of the hearing officer. Cianela, however, asserts that because the hearing officer is the ultimate fact-finder here, the hearing officer was responsible for researching and finding the facts, including whether she was eligible for "Pickle Amendment" protection. She also claims that DPW did not properly investigate her MA eligibility and that the question of SSI eligibility in relation to Cost-of-Living Adjustments (COLAs) to her OASDI benefits should have been addressed by the hearing office because of Cianela's prior receipt of SSI. Cianela, however, misunderstands her burden here. Although the hearing officer is the ultimate fact-finder, it is Cianela's burden, not the hearing officer's duty, to find and present evidence at the hearing in order to prove her entitlement to MA benefits under Healthy Horizons. *E.g., Forbes Metropolitan Health System v. Department of Public Welfare,* 125 Pa.Commonwealth Ct. 571, 558 A.2d 159 (1989); *Stanley v. Department of Public Welfare,* 112 Pa.Commonwealth Ct. 157, 535 A.2d 674 (1987); *Wengrzyn v. Cohen,* 92 Pa.Common-

wealth Ct. 154, 498 A.2d 61 (1985). Moreover, although it may be true that DPW failed to discover her dual receipt of SSI and OASDI payments, Cianela had the burden of proving such dual receipt *at the hearing.* As the record indicates, she failed to satisfy that burden and without such evidence, the hearing officer has no obligation to consider the "Pickle Amendment" in his decision.

7. The amounts received by recipients under OASDI are increased annually by COLAs. SSI, on the other hand, is a need-based program providing financial assistance to certain eligible aged, blind and disabled persons whose income and resources are below prescribed minimum levels. *Lynch; Ciampa v. Secretary of Health and Human Services,* 687 F.2d 518 (1st Cir.1982).

8. In *Ciampa,* the court held that the "Pickle Amendment" covers not only those individuals who would lose benefits due to a COLA, but also those persons who would qualify for the benefits "but for" previous COLA increases to their OASDI payments. Here, however, the record does

---

not indicate that Ciancla's loss of SSI was attributable to any such COLA increase.