Shirley **FRANKS**, Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 2002.

Decided Aug. 1, 2002.

---

John S. Whitelaw, Philadelphia, for petitioner.

Cynthia A. Fillman, Harrisburg, for respondent.

Before LEADBETTER, Judge, SIMPSON, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Petitioner Shirley Franks (Franks) appeals from a Department of Public Welfare (DPW) order, which affirmed the hearing officer's order to discontinue Franks' Medical Assistance benefits (MA) under the Healthy Horizons Program (Program).[1] The issue presented to this court is whether bank fees are allowable deductions from unearned income in determining eligibility for medical assistance under the Program. After review, we conclude that unavoidable bank fees paid to access Social Security Disability (SSD) benefits are deductible when determining income eligibility for the Program.

Franks is a disabled woman whose sole source of income is SSD benefits in the amount of $735.00 per month, which is directly deposited into her Commerce bank account. In order to access this money, Franks incurs multiple banking fees.[2] To be eligible for MA under the program, an individual's countable monthly income cannot exceed 100% of the federal poverty guidelines. The income limit for the time period in question was $696.00 per month. In 2000, the County Assistance Office (CAO) calculated that Franks' income exceeded $696.00, determined that she was ineligible for benefits, and notified her that her benefits under the Program would be terminated.[3] Franks appealed, contending that her bank fees should be deducted for eligibility purposes. After a hearing, the hearing officer denied the appeal concluding that Franks' bank fees were a cost of maintaining a bank account, not receiving SSD. The Bureau of Hearings and Appeals affirmed. Although a request for reconsideration was granted,

---

1. DPW operates the Healthy Horizons Program, which is a medical assistance program that provides medical insurance for elderly or disabled individuals who fall within the income and asset criteria. *See generally* 55 Pa.Code § 140.201.

2. The various banking fees include the following: $40.00 per year for two boxes of checks; $12.00 per month when Franks' account falls below $100.00; a $10.00 annual ATM fee;

and ATM fees (usually $1.00–$3.00) when Franks uses an ATM not maintained by Commerce Bank.

3. DPW calculated Franks' income to be $715.00 per month. Department regulation allows for a $20.00 per month deduction from an individual's income in order to determine eligibility under the Program. 55 Pa.Code § 140.281(b).

the Secretary of DPW ultimately affirmed the termination of Franks' benefits.

On appeal, Franks again asserts that her bank fees should be deducted for eligibility purposes. She testified that without incurring these bank fees, she would not be able to "receive" her SSD benefits. According to Franks, if her bank fees are deductible, she is eligible for MA under the Program.[4] Furthermore, she contends that the hearing officer incorrectly relied upon language in the Department's Medical Assistance Eligibility Handbook (Handbook) because it is materially different from the language in Section 140.281(a) of the Pennsylvania Code (Code), 55 Pa.Code § 140.281(a).

DPW argues that Franks' bank fees should not be deductible because they are not *necessary* expenses paid to *receive* her income. Rather, these fees constitute *spending* her income for a modern lifestyle convenience. They also argue that their interpretation of their regulation is entitled to deference.[5]

■ The Pennsylvania Code allows deductions from unearned income as follows:

> For each applicant/recipient, the expenses which the applicant/recipient *pays* to be eligible for, *or to receive,* unearned income are deducted. These unearned income expenses *include* attorney fees, court costs and transportation costs.

55 Pa.Code § 140.281(a) (emphasis added). Section 319.71 of the Handbook allows a deduction from unearned income for "*any expense* which the person *must pay* to be eligible for or to *receive* the income. These expenses include, but are not limited to: attorney fees; court costs; transportation costs . . ." (emphasis added).

■ An administrative agency's interpretation of its own regulations is controlling unless it is clearly erroneous or inconsistent with the regulation or the statute under which it is promulgated. *Costello v. State Employees' Ret. Bd.,* 141 Pa.Cmwlth. 19, 596 A.2d 260, 263 (1991). When a conflict exists between an agency's regulation and its interpretive handbook, the regulation controls over the handbook, which is purely advisory. *Goldstein v. Dep't of Public Welfare,* 654 A.2d 295, 297 (Pa. Cmwlth.1995).

The language of the Code allows deductions for any expenses that a recipient pays to receive unearned income, while the Handbook would deduct only expenses that are necessary. However, we believe the regulation and the handbook are at odds only if both are limited to an overly literal reading of the words used. For instance, it cannot seriously be argued that the Code would allow deduction of any expense paid no matter how unnecessary or extravagant. Similarly, we do not believe that the Handbook may reasonably be interpreted to disallow deduction of ex-

---

4. With a $20.00 deduction for fees, in addition to the general $20.00 deduction provided under 55 Pa.Code § 140.281(b), Franks' income would be $695.00 per month, which is under the Program's limit.

5. DPW argues that their Handbook is consistent with the Code because it is similar to the Federal Social Security Administration's (SSA) interpretation of their corresponding regulation at 20 CFR § 416.1123(b)(3). This regulation counts unearned income as "less than you actually receive if part of the pay-

ment is for an expense you had in getting the payment." The Social Security Administration's Program Operations Manual System states that "unearned income does not include that part of a payment which is for an essential expense incurred in getting the payment." It further defines expense as "one that is an essential factor in obtaining a particular payment(s)." SSA's Program Operations Manual System, *available at http://policy.ssa.gov/poms.nsf/poms?OpenView* (last visited June 24, 2002).

penses that any reasonable person would incur simply because it is literally possible to avoid them. Moreover, even if this construction of the Handbook were supportable, it would be inconsistent with the regulation and thus not entitled to deference. Thus, we hold that expenses which a reasonably prudent person would incur in order to have access to his funds are deductible.

Realistically, in order to access income paid by check, one must open an account with a bank or cash the monthly check, most likely at a commercial check cashing operation. In either case, the payee will incur a fee for accessing these funds. Even if one is able to cash her monthly benefit check without a fee, this requires the recipient to, at a minimum: 1) receive the check by mail, giving up the security and regularity of direct deposit; 2) travel to the bank to cash the check; 3) return home, presumably on public transportation, while carrying her entire month's income in cash on her person; and 4) travel to creditor's premises, such a as telephone/utility companies in order to pay bills, again carrying cash on her person. It is simply unreasonable to expect anyone to conduct her financial affairs in such an outmoded and insecure fashion, let alone one who is elderly or disabled.

Although bank fees are not specifically listed as an expense in the regulation, they are analogous to transportation costs. An income maintenance caseworker for the CAO testified that the cost of transportation to and from an agency's office is deductible because it is a mandatory cost that is incurred to get to the office. (N.T. 7/24/00 at 6). Similarly, fees reasonably necessary to maintain a bank account to receive and access benefit checks should be deductible.

Since DPW did not make any findings regarding the amount and type of such banking fees and expenses that Franks incurs on a monthly basis, a remand is necessary. Accordingly, we vacate DPW's order and remand for further findings and a hearing if needed.

## ORDER

AND NOW, this 1st day of August, 2002, the order of the Department of Public Welfare in the above captioned matter is VACATED and the case is REMANDED for further proceedings in accordance with this opinion.

Jurisdiction is relinquished.