ROBERT AUGUSTINE vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] June 20, 1984. *Employment Security*, Eligibility for benefits, Substantial evidence. *Evidence*, Hearsay.

The claimant challenges the determination of the Director of the Division of Employment Security (division) disqualifying him from unemployment benefits because he refused an offer of suitable employment. See G. L. c. 151A, § 25(*c*). The board of review (board) denied his application for review, thus making the director's decision the final decision of the board, G. L. c. 151A, § 41, and a District Court judge affirmed the decision. Pursuant to G. L. c. 151A, § 42, the case was reported to this court. We reverse.

[1] Margaret M. Wolf.

[1] Winsor Painting Corporation.

At issue is whether the board's decision is supported by substantial evidence. The claimant, an employee of Winsor Painting Corporation (Winsor), was laid off by Winsor on July 9, 1982, due to lack of work. The claimant filed for unemployment benefits but did not complete the process because he found work with another company through October 20, 1982.

After being laid off from the second job, the claimant again sought unemployment benefits. He received one check and then received notice from the division that he was ineligible for unemployment benefits because he refused an offer of suitable employment. See G. L. c. 151A, § 25 (c). In a written statement to the board, Winsor said its foreman had offered the claimant a job for approximately four weeks. The job would have commenced on November 1, 1982, and continued through November 26, 1982.

At the hearings (there were two), the claimant stated that he had been offered one or two days' work by the foreman but denied he had been offered four weeks of work. The foreman admitted that he could have said that the work was only for a day or two.

On appeal, the claimant argues that the board's decision that he had refused an offer of suitable work without good cause is not supported by substantial evidence. The division asserts that the "Request for Statement of Employer" form, although hearsay, was properly admitted in the administrative proceeding and constitutes substantial evidence. Further, the division maintains that the form was corroborated by the foreman's testimony at the hearing. It is an open question whether uncorroborated hearsay may constitute substantial evidence in the administrative law context. See *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785, 787 (1979); *Goodridge* v. *Director of the Div. of Employment Sec.*, 375 Mass. 434, 437 n.2 (1978). "We need not decide the point . . . because, even if in some instances hearsay alone may support an agency finding, the hearsay in this case may not," because the foreman's testimony did not support the statement attributed to him that the claimant was offered suitable employment. *Id.*

In this case, we are left with the employer's hearsay claim of an offer of suitable employment seriously undermined, if not negated, by the testimony of the very person who, the employer claims, made the offer of employment to the claimant. Thus, on consideration of the entire record, see *New Boston Garden Corp.* v. *Assessors of Boston*, 383 Mass. 456, 466 (1981), the board's decision to rely on the employer's hearsay assertion of an offer of suitable employment is not supported by substantial evidence.

The judgment of the District Court judge is reversed and judgment is to be entered remanding the matter to the Division of Employment Security for such further proceedings as may be required.

*So ordered.*

The case was submitted on briefs.

*Theodore J. Koban* for the employee.

*George J. Mahanna*, Assistant Attorney General, for Director of the Division of Employment Security.