ELIZABETH PYFROM *vs.* COMMISSIONER OF PUBLIC
WELFARE.

No. 94-P-949.

Franklin. October 19, 1995. - January 22, 1996.

Present: DREBEN, PORADA, & GREENBERG, JJ.

*Aid to Families with Dependent Children. Administrative Law*, Regulations, Substantial evidence. *Words*, "Living with."

A hearing officer for the Department of Public Welfare incorrectly concluded that a mother was not entitled to Aid to Families with Dependent Children benefits where the uncontradicted evidence supported a finding that the mother continued to exercise sufficient responsibility for the care and control of her daughter after her husband obtained temporary custody of the child to meet the standard for eligibility for benefits set forth in 106 Code Mass. Regs. § 303.230 (A) (2). [622-626]

CIVIL ACTION commenced in the Superior Court Department on November 3, 1993.

The case was heard by *Judd J. Carhart*, J., on a motion for summary judgment.

*Cynthia J. Gagné*, Assistant Attorney General, for the Commissioner of Public Welfare.

*Patti A. Prunhuber* for the plaintiff.

PORADA, J. The Department of Public Welfare (department) appeals from a Superior Court judge's allowance of the plaintiff's motion for summary judgment restoring her Aid to Families with Dependent Children (AFDC) benefits. The department terminated the plaintiff's benefits because the plaintiff's daughter was placed in the temporary custody of her father. That termination was upheld by the hearing officer in the department's administrative appeal process. The plaintiff sought review in the Superior Court under G. L. c. 30A, § 14. The judge reversed the hearing officer's decision and ordered that the plaintiff's benefits be restored. The

department then filed this appeal on the grounds that the judge erred by applying an erroneous standard of review to the hearing officer's decision and in holding that the result in this case was controlled by *Johnson* v. *Commissioner of Pub. Welfare*, 414 Mass. 572 (1993). We affirm the judgment for the reasons stated herein.

It is well settled that the "purpose of the AFDC program is to enable children, one or both of whose parents are absent or unable to provide support, to continue living at home through the provision of funds for their shelter, food, and other necessary items." *Civetti* v. *Commissioner of Pub. Welfare*, 392 Mass. 474, 477 (1984). One of the eligibility requirements is that a "child must be living with his or her relative . . . in a place of residence maintained by such relative as a home." 106 Code Mass. Regs. § 303.230(A) (1992). The "living with" requirement is met even if "[t]he child or relative is temporarily absent from the home, so long as the grantee-relative exercises responsibility for the care and control of the child." *Id.* at § 303.230(A) (2).

At issue in this case is whether the plaintiff exercised responsibility for the care and control of her child after the child's father obtained temporary custody. The hearing officer found that the plaintiff did not. She based her conclusion on her findings that the child sees the plaintiff two evenings a week from 4 P.M. to 7:30 P.M. and on Sundays from 9 A.M. to 7 P.M. during which she provides food, clothing, toys, and a bedroom for the child. She found that the rest of the time the child is in the care of her father or in private day care from which the plaintiff cannot remove the child. The hearing officer also found that the plaintiff maintains minimal contact with the day care provider and has taken her daughter to a doctor only once since she has been in the temporary custody of her father. The Superior Court judge reversed the hearing officer's decision based on his belief that the hearing officer improperly focused on the plaintiff's failure to exercise day-to-day control of her child during the child's temporary absence, instead of focusing on the "substantial involvement in the child's life" standard articulated

in *Johnson*, 414 Mass. at 574. The judge concluded that there was substantial evidence to meet this standard.

In *Johnson*, the Supreme Judicial Court determined that a mother whose child had been placed in the temporary custody of the Department of Social Services (DSS) for more than two years was entitled to receive AFDC benefits because she had a substantial involvement in her child's life, the maximum that the DSS service plan allowed. The department argues that *Johnson* is distinguishable because it was governed by a specific regulation which provides that "[a] child who is in the temporary care or custody of a public or private agency is not excluded from eligibility if the grantee-relative continues to exercise responsibility for the care and control of the child." 106 Code Mass. Regs. § 303.230(A) (2) (b) (1991). This regulation was promulgated as a specific example of a situation which meets the standard of temporary absence established in § 303.230(A) (2); namely, "[t]he child . . . is temporarily absent from the home, so long as the grantee-relative exercises responsibility for the care and control of the child."[1] Because the words "care and control" in both sections of the regulation, § 303.230(A) (2), and § 303.230(A) (2) (b), are identical, the same meaning should be ascribed to them. *Connolly* v. *Division of Pub. Employee Retirement Admn.*, 415 Mass. 800, 802-803 (1993). 2B Singer, Sutherland Statutory Construction § 51.02, at 122 (5th ed. 1992). There is nothing in the language of the regulation that suggests the contrary, and there appears to be no reason to distinguish between a child in the temporary custody of a relative and a child in the temporary custody of a private or public agency. We conclude, therefore, that the judge was correct in ruling as a matter of law that the same standard applies to a child in the temporary custody of a relative as to a child in the tempo-

---

[1]Subsection (a) of 106 Code Mass. Regs. § 303.230(A)(2) (1992) provides another example of a situation that meets the temporary absence rule — one where the child spends time with both parents pursuant to a shared custody agreement. We deem it inapplicable because of the absence of a shared custody agreement.

rary custody of a public or private agency; namely, a demonstration by the parent of "substantial involvement in the child's life" during the child's temporary absence.[2] *Johnson*, 414 Mass. at 574.

We differ with the motion judge, however, in his conclusion that the hearing officer determined that the plaintiff had to provide day-to-day care for her child in order to satisfy the "living with" requirement of the regulations. There is nothing in the hearing officer's decision to indicate that she based her decision on the plaintiff's failure to exercise day-to-day care of her child. Rather, the hearing officer focused her decision on the extent to which the plaintiff exercised care and control of her child after temporary custody was awarded to the child's father. The hearing officer found the plaintiff's care and control insufficient to satisfy the regulations.

Nevertheless, we reach the same result as the motion judge because we conclude that the hearing officer, without explanation, ignored uncontradicted evidence presented by the plaintiff which would have supported a finding that she exercised the requisite care and control over her child. *Johnson*, 414 Mass. at 581. An administrative agency's decision must be supported by substantial evidence, which is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1, as inserted by St. 1954, c. 681, § 1. In order to determine if an agency's

---

[2]The department also argues that the result in this case is not controlled by *Johnson* but rather by *Rawston* v. *Commissioner of Pub. Welfare*, 412 Mass. 784 (1992), in which the Supreme Judicial Court ruled that the parent in three separate cases did not meet the regulations' "living with" requirement because the parents' residences were never homes in which the parent and child had actually resided together and which had not been the family setting for the actual care of the child. Here, there is no dispute that the plaintiff did indeed provide a home in which she and her child actually resided and which was the customary family setting for the child until temporary custody was given to the father when the plaintiff attempted to commit suicide. The present case, thus lacks the key factors relied upon in *Rawston* to deny AFDC benefits and presents us with an entirely different issue: whether the parent's care and control of her child during her temporary absence was sufficient to satisfy the regulation. For those reasons, we do not deem *Rawston* to be controlling.

decision is supported by substantial evidence, one must examine the entire administrative record and take into account whatever detracts from its weight. *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 466 (1981). An agency's determination may be set aside if "the evidence . . . points to an overwhelming probability of the contrary." *Ibid.* (Citation omitted.) *Johnson, supra* at 581.

We summarize that evidence in the present case. The plaintiff is the mother of a four year old child. Until August 26, 1992, the child lived with the plaintiff in her home and the plaintiff provided all of her daughter's care. On that date the plaintiff attempted suicide. As a result, on August 27, 1992, the Probate Court awarded temporary physical custody to the child's father. The plaintiff retained legal custody of her child, which gives her the right to make decisions regarding the child's medical care, education, and religious upbringing.

Approximately one month after the plaintiff attempted suicide, the Probate Court gave her supervised visitation rights. In January, 1993, the Probate Court granted the plaintiff unsupervised visitation two evenings a week from 4 P.M. to 7:30 P.M. on Tuesday and Thursdays and on Sundays from 9 A.M. to 7 P.M. During those visitation periods, the plaintiff provides food, clothing, transportation, and toys for her child and maintains a bedroom for the child in her apartment. During those visits, she takes her daughter to church and works at improving her social skills. In addition, the plaintiff has taken her daughter to all of her medical appointments including all but one of her bimonthly eye doctor appointments. She also maintains telephone contact with the child's medical and day care providers and consults with the child's therapist once a month to keep abreast of her daughter's progress.

The mother continues to seek increased visitation rights in the Probate Court. At the time of the administrative hearing, the outcome of these proceedings was in limbo because the court was awaiting the report of a guardian ad litem who had been appointed at the request of the plaintiff to investi-

gate the circumstances of returning the child to the plaintiff or increasing her visitation.

In sum, we conclude that the above evidence, which was neither contradicted nor improbable, should have been credited by the hearing officer. *Johnson*, 414 Mass. at 581. This evidence points to an overwhelming probability that the plaintiff demonstrated "substantial involvement in her child's life" sufficient to satisfy the "care and control" requirement of the department's regulations. *Id.* at 573-574. The plaintiff's involvement in her child's care was no less than the care exercised by the parent in *Johnson*. The child's temporary absence[3] does not negate the plaintiff's need for financial assistance to continue to maintain a home for herself and her child. Accordingly, we affirm the judgment of the Superior Court.

*So ordered.*

---

[3]The department does not argue that the father's custody of the child is permanent. It is also undisputed that the father is not a recipient of AFDC benefits for the child.