McEvoy, J.
INTRODUCTION
The plaintiff seeks judicial review of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”) upholding an insurance surcharge imposed by his insurer, the Commerce Insurance Company (“Commerce”). The plaintiff claims the decision of the Board was not supported by substantial evidence.
For the reasons which follow, the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds is VACATED.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Lisbon v. Contributory Retirement Appeal Board; 41 Mass.App.Ct. 246, 257 (1996). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Comm'n, 385 Mass. 651, 657 (1982). Among the reasons the court may vacate an agency’s decision is that it was “unsupported by substantial evidence.” G.L.c. 30A, §14(7)(e).
The plaintiff appealed to the Board when Commerce, after paying a claim arising from an accident in which the plaintiff was involved, imposed a surcharge pursuant to a determination that the plaintiff was more than 50% at fault for the accident.
At the hearing before the Board, the hearing officer found the following facts:
On November 5, 1995, at approximately 7:30 p.m., the plaintiff was traveling at the posted speed limit of 45 m.p.h. on Route 20 in Northborough, when he struck a disabled car that was parked on the side of the road but which, due to the narrow width of the breakdown lane, protruded partially into the plaintiffs travel lane. The conditions were clear and dry, but there were no street lights, and the disabled car, which was dark blue, had no working flashers. The road was straight at the point of the accident. The plaintiff did not see the disabled car until he was ten feet away from it, and upon seeing it he swerved to the left, but was unable to avoid striking it.
The hearing officer upheld the surcharge pursuant to 211 C.M.R. §74.04(1), which states, ‘The operator of a vehicle . . . shall be presumed to be more than 50% at fault when operating a vehicle which is in collision with a lawfully or unlawfully parked vehicle.” Despite the lack of streetlights, the lack of flashers on the disabled car, and the dark color of the car, the hearing officer stated that the plaintiff failed to exercise due care in that he “should have been able to see a vehicle much farther than 10 feet away and thus, should have been able to avoid a vehicle only partially in its lane.”
In assessing whether there is substantial evidence to support the hearing officer’s decision, the court asks whether the evidence is such “that a reasonable mind might accept as adequate to support a conclusion.” See Trustees of Forbes Library v. Labor Relations Comm’n, 384 Mass. 559 (1981); Lisbon v. Contributory Retirement Appeal Board, 41 Mass.App.Ct. 246, 257 (1996). An agency’s determination may be set aside if the evidence points to an overwhelming probability of the contrary. Pyform v. Commissioner of the Department of Public Welfare, 39 Mass.App.Ct. 621, 625-26 (1996) (citing New Boston Garden Corp. v. Board of Assessors of Boston, 383 Mass. 456, 466 (1981)).
The court disagrees with the Board’s decision that the plaintiff did not overcome the presumption under §74.04(1) that he was more than 50% at fault, and holds that there was no “reasonable evidence” justifying the Board’s decision. See Lisbon, 41 Mass.App.Ct. *176 at 257. The evidence offered by the plaintiff as to the lack of streetlights, the lack of flashers on the disabled car, as well as the disabled car’s dark color and the darkness at the time of the accident, was uncontradicted, and pointed to an “overwhelming probability” that the plaintiff was not at fault to any degree, let alone more than 50%. See Pyform, 39 Mass.App.Ct. at 625-26.
ORDER
Accordingly, the court ORDERS that the decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds is VACATED.