Smith, J.
I.Introduction
This is an action commenced by Wanda Echevarria, pursuant to G.L.c. 30A, §14(7), to reverse the decision of the defendant denying certain benefits to her. Alternatively, the plaintiff seeks to vacate the decision and have the case remanded for further administrative proceedings. For the reasons stated below, the Court shall affirm the decision of the Commissioner and deny plaintiffs motion.
II.Facts
The plaintiff filed for AFDC benefits in August 1995. The MDTA denied benefits for her two youngest children based on the finding that their father, Dana OToole was not an absent parent. The plaintiff filed an appeal and a hearing was held on September 22, 1995.
At the hearing, the plaintiff testified that Mr. O’Toole lived with his mother in the apartment downstairs from the plaintiffs apartment. The plaintiff also testified that she was Mr. OToole’s girlfriend but the two did not get along well enough to live together. The plaintiff further testified that Mr. OToole was very involved with his children. She also provided several letters from neighbors, relatives, and her landlord which supported her claim that Dana OToole did not live with her. Also admitted into evidence by the hearing officer was a statement written and signed by William Souris, Assistant Director of the Bureau of Special Investigations. His statement explained that on August 25, 1995, investigators spoke with a child at 91 West Third Street[2] who indicated that Dana OToole lived on the second floor and was at work. The statement further averred that the investigators spoke with the plaintiff who stated that Dana O’Toole was at work and that the two lived together and had lived together for the past seven years. At the hearing, the plaintiff denied making that statement.
On October 20, 1995, the hearing officer issued a decision which upheld the denial of benefits. The hearing officer found that Dana OToole was living with plaintiff and that therefore, the children were not deprived of parental care or support.[3] The plaintiff subsequently timely filed this appeal.
III.Scope of Judicial Review
A reviewing court may reverse an agency decision or remand the matter if the substantial rights of any parly has been prejudiced because the agency decision was “[unsupported by substantial evidence” or “[biased upon an error of law.” G.L.c. 30A, §§14(7)(c) and (e). Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Mass. Gen. Laws c. 30A, §1(6). However, “this does not permit a court to treat the proceeding as a trial de novo on the record which was before thé administrative board. A court may not displace an administrative board’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.” Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm., 386 Mass. 414, 420 (1982) (citations omitted). Agency *68 determinations “may be set aside if ‘the evidence . . . points to an overwhelming probability of the contrary.’ ” Pyfrom v. Commissioner of the Dept. of Pub. Welfare, 39 Mass.App.Ct. 621 (1996) quoting Johnson v. Commissioner of Pub. Welfare, 414 Mass. 572, 581 (1993). Furthermore, “(i]t is for the agency, not the courts, to weigh the credibility of witnesses and to resolve factual disputes.” Embers of Salisbury, Inc. v. Alcoholic Beverages Commission, 401 Mass. 526, 529 (1988) (citations omitted); see also Retirement Board of Brookline v. Contributory Retirement Appeals Board, 33 Mass.App.Ct. 478, 480 (1992). Finally, “(t]his standard of review is highly deferential to the agency on questions of fact and reasonable inferences drawn therefrom,” Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992),
IV. Discussion
To be eligible for benefits under AFDC or TAFDC, there must be a dependent child who has been deprived of the care or support of a parent through the death, physical or mental incapacity, or continued absence of that parent.[4] Continued absence constitutes deprivation of care when the absence interferes with the parent’s function “as a provider of maintenance, physical care, or guidance of the child . . .” Mass. Regs. Code tit. 106, §§203.520 and 303.320 (1996).[5]
The plaintiff argues that the Department’s decision that Mr. OToole was not an absent parent should be remanded because the decision contains contradictory and irreconcilable findings of fact which preclude meaningful appellate review. Alternatively, the plaintiff argues that the decision should be reversed because, depending on the interpretation the court gives to the hearing officer’s determination, the conclusion is either unsupported by substantial evidence or based upon an error of law
1. Contradictory Findings of Fact
In his decision, the hearing officer found that the “father of the children for whom assistance was requested is living with the appellant.” The hearing officer also found that the “father visits his children and is involved in their lives.” The plaintiff argues that these are contradictory and irreconcilable findings which fail to satisfy the statutory reporting requirements,[6] and therefore, meaningful appellate review is precluded and remand is necessary. The defendant counters that the contradiction is a “proofreading” error,[7] and that the real issue is not whether the mother and father live together but whether the children were deprived of their father’s care.
Particularly in regard to matters of determining facts and credibility, reviewing courts should be highly deferential to agency expertise and determinations. Retirement Board of Somerville v. Contributory Retirement Appeals Board, 38 Mass. App. 673, 678 (1995) (noting that “[w)hile we [the court] may not supply a reasoned basis for the agency’s action that the agency itself has not given, ... we will uphold a decision of less than ideal clarity if the agency’s path may reasonable be determined”). Although, the findings appear to contradictory, a father does not ordinarily “visit” children he lives with, the agency’s reasoning is readily ascertainable. According to the plaintiffs own testimony, the father of her children lives in the apartment downstairs from her apartment — in a building which contains only two apartments — visits his children frequently and is involved in their lives. Although courts have held that “frequent visitation by a parent who does not live in the home does not negate a finding of deprivation by absence,” Snyder v. Department of Public Welfare, 492 A.2d 124 (Pa. Commw. 1985), neither does it mandate a finding of deprivation, especially where the “absent” parent lives downstairs. As the defendant states, “only a staircase and a door” separate Mr. O’Toole from his children. Despite the lack of total clarity in the findings of fact, the department’s conclusion that Mr. OToole is not an absent parent is reasonable, and remand for clarification or further proceedings is not necessary.
2. Substantial Evidence
The plaintiff further argues that neither of the hearing official findings and conclusions are supportable. On one hand, if this court accepts the decision of the official based on the finding that Mr. O’Toole lived with his children, the plaintiff argues this finding is unsupported by substantial evidence as it relied solely on the uncorroborated hearsay report of investigators. If, on the other hand, this court accepts the conclusion of the official based on the finding that the children were not deprived of their father’s care because he lived downstairs, the plaintiff argues that that conclusion is incorrect as a matter of law.
The Supreme Judicial court has not yet ruled on whether uncorroborated hearsay may constitute substantial evidence in the administrative law context since the enactment of the state Administrative Procedure Act. Augustine v. Director of the Div. of Employment Sec., 392 Mass. 1007, 1008 (1984) (explicitly reserving question). In an earlier case, however, the Court held that “(i]f the pertinent evidence is exclusively hearsay, this does not constitute ‘substantial evidence’ even before an administrative tribunal.” Sinclair v. Department of the Div. of Employment Sec., 331 Mass. 101, 102 (1954). Subsequently, however, the Court has more narrowly construed Sinclair by stating that the line the Court had been attempting to draw in that case was not between “evidence admissible in a court and evidence that is inadmissible because of the rules of evidence, but between evidence having indicia of reliability and probative value and that which does not.” Embers of Salisbury v. Alcoholic Beverages Control Comm., 410 Mass. 526, 530 (1988).
In the present case, however, it is not clear that the hearing officer relied solely on the investigator’s report. Although the plaintiff testified that Mr. O’Toole *69 lived downstairs, and provided letters from friends and relatives to support her claim, the hearing officer was free to give as much weight and credibility to that evidence as he determined was appropriate. Furthermore, the plaintiff had an opportunity to dispute the facts alleged in the report at the hearing. Finally, the core issue is not whether the mother and father lived together, but whether the children were deprived of their father’s care. The plaintiff testified herself that Mr. O’Toole was “very much involved with his children.” Because there is not an “overwhelming probability” that Mr. O'Toole did not live with his children, Pyfrom, supra at 625, nor that his children were deprived of his care, the agency decision shall not be reversed on this basis.
3. Error of Law
Finally, the plaintiff argues that if the court accepts the decision of the hearing officer as based on the finding that the children were not deprived because their father lived downstairs, this conclusion is an error of law. The case the plaintiff cites to support this contention is distinguishable. In Snyder, the court held that a finding of frequent visitation by a parent who did not live in the home did not negate a finding of deprivation due to absence. Snyder, supra at 128 (emphasis added). In the present case, whether the father either lived in the same apartment, or downstairs from his children, it is plausible for the agency to have determined that the father “visited” so frequently as not to deprive the children of his care. This Court, as a matter of law, cannot say that a father who lives downstairs from his children and who is “very involved with his children” is an absent parent.
V. Conclusion
For the foregoing reasons, the plaintiffs motion to reverse or remand the Commissioner’s decision is DENIED. The Commissioner’s decision is hereby AFFIRMED.
Judgment shall enter accordingly.

 Ms. Eschevarria lived in the second-floor apartment of the two-family house at this address, while Mr. O’Toole’s mother lived in the first-floor apartment. The parties disagreed as to which apartment Mr. O'Toole lived in.

 In particular, the officer found.
Findings of Fact: the father of the children for whom assistance was requested is living with the appellant. This finding is based on the fact that the father lives in the same apartment as the appellant although the appellant stated she lives on a different floor. The father visits his children and is involved in their lives.

 To qualify for benefits under AFDC or TAFDC, Massachusetts regulations provide:
The primary categorical requirement is the presence of a dependent child. A dependent child is a needy child who is: (A) deprived of the support or care of one or both of his or her natural or adoptive parents through death, continued absence, incapacity or unemployment; and (B) under the age of eighteen.
Mass. Regs. Code tit. 106, §§203.560 and 303.100 (1996).

 The regulation provides in full:
The continued absence of a parent constitutes deprivation when the absence interrupts or terminates the parent’s functioning as a provider of maintenance, physical care, or guidance of the child, and the known or indefinite duration of the absence prevents the parent’s performance of this function. An absence is of a continued nature if it has lasted, or can be expected to last, for a period of at least 20 days.
Mass. Regs. Code tit. 106 §§203.520 and 303.320 (1996).

 G.L.c. 30A §11(8) provides: “Every agency decision . . . shall be accompanied by a statement of reasons for the decision, including determination of each fact or law necessary to the decision ...”

 The officer based his decision on the fact “that the father lives in the same apartment as the appellant although the appellant stated she lives on a different floor.” The defendant argues that if the word “house” is substituted for the word “apartment,” the apparent contradiction in the findings disappears.